In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00203-CR
_____

ARMANDO SALGADO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 14-02-01894 CR

OPINION

The State charged Armando Salgado with online solicitation of a minor. Salgado filed an application for writ of habeas corpus, in which he argued that section 33.021(c) of the Texas Penal Code is unconstitutionally overbroad and vague, and violates the Dormant Commerce Clause. The trial court denied Salgado's application. In three appellate issues, Salgado maintains that section 33.021(c) is unconstitutional. We affirm the trial court's order denying Salgado's application for writ of habeas corpus.

1

Under section 33.021(c), a person commits the offense of online solicitation of a minor when "the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." Tex. Penal Code Ann. § 33.021(c) (West Supp. 2015). At the time of Salgado's offense, the statute defined "minor" as "an individual who represents himself or herself to be younger than 17 years of age; or [] an individual whom the actor believes to be younger than 17 years of age." Act of May 25, 2005, 79th Leg., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050. It was not a defense that "(1) the meeting did not occur; (2) the actor did not intend for the meeting to occur; or (3) the actor was engaged in a fantasy at the time of commission of the offense." *Id.*

In his three issues, Salgado argues that section 33.021(c) restricts speech based on content, is subject to a strict scrutiny analysis, and is facially unconstitutional and overbroad under the First Amendment. In *Ex parte Victorick*, No. 09-13-00551-CR, 2014 Tex. App. LEXIS 5429 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, *Victorick v. Texas*, 135 S.Ct. 1557 (2015), this Court addressed whether section

2

33.021(c) is unconstitutionally overbroad and vague, criminalizes a substantial amount of harmless and protected speech between adults, and fails to provide fair notice of what conduct is forbidden. *Ex parte Victorick*, 2014 Tex. App. LEXIS 5429, at *6. In so doing, we declined to apply a strict scrutiny analysis. *Id*. at **7-8. We found that the "solicitation-of-a-minor offense defined by subsection (c) is 'the *conduct* of knowingly soliciting a minor to engage in illegal sexual acts[,]' as opposed to [] 'sexually explicit' communication, *i.e.*, speech[.]" *Id*. at **6-7. Accordingly, subsection (c) "punishes **conduct** rather than the content of speech alone[]" and "has a rational relationship to a legitimate and compelling state interest." *Id*. at *8. We explained that:

> Subsection (c) includes a *mens rea*. A person commits an offense under the statute if the person "knowingly solicits" a "minor" to meet another person with the "intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse[.]" "[T]he compelling interest of protecting children from sexual predators is well served by the solicitation-of-a-[minor] prohibition in subsection (c)." The Supreme Court and federal appellate courts have upheld online solicitation statutory provisions that prohibit online solicitation of a minor to engage in sexual acts.

*Id*. at *10 (internal citations omitted).

We also rejected Victorick's argument that the definition of "minor" encompassed "constitutionally protected communications between adults." *Id*. at *13. We explained that the definition includes "circumstances where either the

recipient provides notice to the offender that the recipient is younger than 17 years old or where the offender holds the belief that the recipient is younger than 17 years old." *Id*. at \*14. We added that:

> Given the State's "solemn duty—to protect young children from the harm that would be inflicted upon them by sexual predators," the State has a legitimate and compelling interest in protecting children from predators, and the statute provides this protection by allowing the State to prosecute such predators. The fact that the statute defines "minor" to include otherwise legal communications with someone who may actually be over the age of 17 would not make the statute unconstitutionally overbroad because the "overbreadth," if any, would not be substantial when compared to the compelling and legitimate purpose of the statute.

*Id*. at \*\*14-15 (internal citations omitted).

We further explained that "Section 33.021(c) unambiguously provides that a person is prohibited from 'knowingly' soliciting a minor 'over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service . . . with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.'" *Id*. at \*17 (quoting Tex. Penal Code Ann. § 33.021(c)). "There is no constitutionally protected right to solicit sexual contact with a recipient who represents that he or she is younger than 17 or a recipient who, the actor believes, is younger than 17, or who is actually younger than 17." *Id*. at \*\*17-18. Accordingly, the statute's "prohibited behavior is sufficiently clear and subsection

4

(c) would give an ordinary person 'adequate notice' that such conduct is a criminal offense." *Id*. at \*16.

We also rejected the argument that "section 33.021(c) fails to allow for a defendant to raise the defense that he had a reasonable belief that the complaining witness was '17 years of age or older at the time of the alleged offense.'" *Id*. at \*19. This is because the statute "contains a *mens rea* requirement." *Id*. "The State must prove that the defendant 'knowingly solicited' a 'minor' to meet another person with the intent that the 'minor' would engage in sexual activity." *Id*. "The requirement that 'the defendant must solicit 'with the intent that the minor will engage in sexual contact' . . . operates to make otherwise innocent conduct, i.e., soliciting a minor to meet, into criminal conduct.'" *Id*. (quoting *Ex parte Zavala*, 421 S.W.3d 227, 232 (Tex. App.—San Antonio 2013, pet. ref'd)).

Salgado argues that *Victorick* applied the incorrect standard of review and asks this Court to revisit the ruling in *Victorick*. Citing *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010), Salgado argues that "conduct-based statutes may be subject to strict First Amendment standards of review if some of the conduct regulated can only b[e] accomplished through pure speech." In *Holder*, the United States Supreme Court applied strict scrutiny because, although the law at issue was

directed at conduct, as applied, "the conduct triggering coverage under the statute consists of communicating a message." *Holder*, 561 U.S. at 28.

As previously discussed, this Court has already determined that section 33.021(c) is a conduct-based statute and does not criminalize protected speech; thus, the statute is not subject to strict scrutiny analysis. *See Ex parte Victorick*, 2014 Tex. App. LEXIS 5429, at **7-8, 10, 13-15, 17-18. In *State v. Paquette*, No. 09-15-00361-CR, 2016 Tex. App. LEXIS 1858 (Tex. App.—Beaumont Feb. 24, 2016, no pet. h.) (not yet released for publication), we reaffirmed our holding that "section 33.021(c) is not unconstitutionally overbroad and vague." *See Paquette,* 2016 Tex. App. LEXIS 1858, at *7. In doing so, we declined to revisit our holding in *Victorick. Id*. at *8. Other Texas appellate courts have held likewise under a rational basis analysis. *See Ex parte Fisher*, No. 07-15-00098-CR, 2015 Tex. App. LEXIS 12596, at **9-14 (Tex. App.—Amarillo Dec. 10, 2015, no pet. h.) (not yet released for publication); *see also Ex parte Zavala*, 421 S.W.3d at 231-32; *Maloney v. State*, 294 S.W.3d 613, 626-29 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). We should not invalidate a statute "merely because it is possible to imagine some unconstitutional application." *Ex parte Victorick*, 2014 Tex. App. LEXIS 5429, at *4. Accordingly, for the reasons discussed in *Victorick* and

6

*Paquette*, we overrule Salgado's three issues and affirm the trial court's order denying Salgado's application for writ of habeas corpus.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 24, 2016
Opinion Delivered April 13, 2016
Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.