# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-15-00226-CR
_____

### KENNETH GELESTIN THIROLF, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 14-02-01632 CR

### MEMORANDUM OPINION

In this appeal, Kenneth Gelestin Thirolf challenges the constitutionality of the Texas statute that creates an offense for a person, who is seventeen or older, to use the Internet to solicit a meeting with a minor with the intent that the minor will engage in sex. *See generally* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, sec. 33.021, 2005 Tex. Gen. Laws 4049, 4050, *amended by* Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws 1167, 1167-68, *amended by* Act of May 27, 2007, 80th Leg., R.S., ch. 1291, § 7, 2007 Tex. Gen. Laws 4344,

1

4350 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021 (West Supp. 2016)). We affirm.

## Background

In 2014, the State charged Thirolf with soliciting a minor through the Internet to meet and engage in sexual intercourse, alleging that the solicitation occurred on February 10, 2014. Subsequently, in an effort to have the indictment dismissed, Thirolf filed several motions[1] attacking the validity of his indictment. In August 2014, the trial court denied Thirolf's motion to dismiss. In that motion, Thirolf argued that the online-solicitation statute was unconstitutional.

In May, 2015, based on Thirolf's plea-bargain agreement with the State, Thirolf pled guilty to soliciting a minor for sex by using the Internet, and he was given a two-year sentence. After he was sentenced, the trial court signed a certification that gave Thirolf limited rights to appeal, certifying that Thirolf's case was a plea-bargain case. In the certification granting Thirolf the right to appeal, the trial court gave Thirolf the right to appeal only those matters that he "raised by

---

[1] Thirolf attacked the validity of the indictment by filing a motion to dismiss, an amended motion to dismiss, applications for habeas corpus relief, and motions to quash the indictment. The trial court's rulings on Thirolf's applications for habeas relief and on his motions seeking to quash the indictment are not at issue in the appeal.

2

written motion filed and ruled on before trial and not withdrawn or waived[.]" *See* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006); Tex. R. App. P. 25.2(a)(2).

## Preservation of Error

In his appeal, Thirolf contends that the version of the statute that applied at the time he was charged is unconstitutional because the statute at that time did not allow him to prove at trial that he never intended the meeting with the minor to occur. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, sec. 33.021, 2005 Tex. Gen. Laws 4049, 4050, *amended by* Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws 1167, 1167-68, *amended by* Act of May 27, 2007, 80th Leg., R.S., ch. 1291, § 7, 2007 Tex. Gen. Laws 4344, 4350 (amended 2015). Additionally, Thirolf argues on appeal that the version of the statute that applied to him when he was charged is unconstitutional because that version of the statute prevents him from also proving that he was engaged in a fantasy when the solicitation occurred. *Id*.

We conclude that Thirolf's arguments challenging the constitutionality of the online-solicitation statute on the basis that it prevented him from proving that he never intended the meeting to occur or that he was engaged in a fantasy when he contacted the minor through the Internet are arguments that exceed the scope of

3

the permission the trial court granted regarding his right to appeal. Thirolf raised

neither of these arguments in the pretrial motions.[2]

Section 44.02 of the Texas Code of Criminal Procedure authorizes trial

courts to restrict a defendant's right to appeal those matters raised in pretrial

motions on which the court ruled. *See* Tex. Code Crim. Proc. Ann. art. 44.02.

Because Thirolf failed to raise and secure rulings on these two arguments in his

pretrial motions, these arguments were not properly preserved for our review. *See*

*Goyzueta v. State,* 266 S.W.3d 126, 136 (Tex. App.—Fort Worth 2008, no pet.).

Violation of First Amendment

In his brief, Thirolf raised one argument that is within the scope of the trial

court's certification, which otherwise restricts the arguments that we are permitted

to reach in resolving his appeal.[3] In that argument, Thirolf contends that the online-

---

[2] Thirolf did challenge the constitutionality of former section 33.021(d) in one of his habeas applications, but he did not file a timely notice of appeal from the trial court's ruling on his habeas application. *See* Tex. R. App. P. 26.2(a)(1); *see also* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, sec. 33.021, 2005 Tex. Gen. Laws 4049, 4050, *amended by* Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws 1167, 1167-68, *amended by* Act of May 27, 2007, 80th Leg., R.S., ch. 1291, § 7, 2007 Tex. Gen. Laws 4344, 4350 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021 (West Supp. 2016)).

[3] Thirolf's pretrial motion to dismiss argues that the online-solicitation statute was unconstitutional because it was overly broad, and that it therefore improperly regulated an individual's right to free speech. The trial court denied his

solicitation statute[4] regulates speech, which he concludes subjects the statute to a strict-scrutiny analysis. According to Thirolf, the online-solicitation statute does not withstand a strict-scrutiny analysis because it interferes to a substantial degree with an individual's First Amendment right to free speech. *See* Tex. Penal Code Ann. art. 33.021(c). Thirolf concludes that the online-solicitation statute is facially unconstitutional because it is an overly broad regulation that is not narrowly tailored to avoid interfering with rights guaranteed by the First Amendment.

A challenge to the constitutionality of a penal statute is reviewed as presenting a question of law, so the challenge is reviewed on appeal using a de novo standard. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). Content-based restrictions on speech are presumptively unconstitutional. *Id.* at 14-

---

motion, so we conclude that Thirolf preserved this argument for appellate review. *See* Tex. R. App. P. 25.2(a)(2).

[4] Section 33.021(c) provides:

> A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

Tex. Penal Code Ann. § 33.021(c).

15. To survive a strict-scrutiny review, the statute "must be (1) necessary to serve a (2) compelling state interest and (3) narrowly drawn." *Id*. at 15.

Thirolf concedes that the online-solicitation statute regulates conduct, but he contends that by doing so, the statute necessarily also regulates speech. *See* Tex. Penal Code Ann. § 33.021(c). According to Thirolf, even though the online-solicitation statute regulates conduct, conduct-based statutes are not categorically exempt from a First Amendment analysis. Thirolf argues that the online-solicitation statute must be strictly construed to assure that the provision is not so broad that it interferes with an individual's right to free speech. *See Ex parte Lo*, 424 S.W.3d at 16-24. Citing *Holder v. Humanitarian Law Project*, Thirolf argues that strict scrutiny applies to the online-solicitation statute because the defendant accomplishes the solicitation by speech, not conduct. 561 U.S. 1, 28 (2010).

However, we rejected the argument that Thirolf makes regarding the online-solicitation statute in *Salgado v. State*, 492 S.W.3d 394, 396 (Tex. App.—Beaumont 2016, no pet.). In *Salgado*, as well as in other appeals addressing the online-solicitation statute, and given the speech at issue in those cases, we rejected the argument that the online-solicitation statute operated as a conduct-based regulation. As a result, we concluded that the statute did not criminalize protected speech. *Id.*; *see also State v. Paquette*, 487 S.W.3d 286, 288-89 (Tex. App.—

6

Beaumont 2016, no pet.). Given the speech at issue in Thirolf's case, we once again decline to apply a strict-scrutiny analysis because the scope of the speech at issue in his case concerns the conduct he engaged in of soliciting a minor for sex, and the statute, with respect to that conduct, is designed to criminalize activities in which the State has a legitimate and compelling interest in regulating through its criminal laws. *See Salgado*, 492 S.W.3d at 396. Nonetheless, we note that Thirolf's argument asserting the statute is facially unconstitutional is a matter that is currently before the Court of Criminal Appeals in another case that has not yet been finally decided. *See Leax v. State*, Nos. 09-14-00452-CR, 09-14-00453-CR, 2016 WL 1468042 (Tex. App.—Beaumont Apr. 13, 2016, pet. granted) (mem. op., not designated for publication). Nevertheless, we are not persuaded that *Salgado* was wrongly decided. *See Salgado*, 492 S.W.3d at 397 (concluding the online-solicitation statute is a conduct-based statute, that it does not criminalize protected speech, and that the statute, given the speech at issue, was not subject to a strict-scrutiny analysis). The version of the online-solicitation statute that applies to Thirolf, even before the 2015 amendment, still required the State to prove conduct by proving that the defendant solicited the minor "with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." Tex. Penal Code Ann. § 33.021(c). We adhere to our

view that the speech at issue in Thirolf's case, which he engaged in to arrange an illegal sexual act, is speech that falls outside the protections provided under the First Amendment. *See Ex Parte Lo*, 424 S.W.3d at 16; *Salgado*, 492 S.W.3d at 396.

Finally, Thirolf argues that the online-solicitation statute, when judged in relation to the statute's legitimate sweep, is unconstitutionally broad because a substantial number of its applications are unconstitutional. We rejected this same argument in *Salgado*, and for the same reasons reject it here. 492 S.W.3d at 396.

For the reasons discussed, we conclude that Thirolf has not shown that the trial court committed error by denying his pretrial motions to dismiss. Therefore, the trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on May 11, 2016
Opinion Delivered November 16, 2016
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.