**The STATE of Texas, Appellant**

**v.**

**Daniel PAQUETTE, Appellee**

**NO. 09–15–00361–CR**

Court of Appeals of Texas,
Beaumont.

Submitted January 27, 2016

Opinion Delivered February 24, 2016

Brett Ligon, Dist. Atty., Jason Larman and Bill Delmore, Asst. Dist. Attys., Conroe, for Appellant.

Mark W. Bennett, Bennett & Bennett, Houston, for Appellee.

Before McKeithen, C.J., Horton and Johnson, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice

The State charged Daniel Paquette with online solicitation of a minor under section 33.021(c) of the Texas Penal Code. Paquette filed an application for writ of habeas corpus on grounds that section 33.021 is unconstitutional. The trial court granted Paquette's application and dismissed the indictment. In a single appellate issue, the State contends that the trial court erred by finding the statute unconstitutional and dismissing the indictment. We reverse the trial court's order granting Paquette's application for writ of habeas corpus, and we remand for further proceedings consistent with this opinion.

Under section 33.021(c), a person commits the offense of online solicitation of a minor when "the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." Tex. Penal Code Ann. § 33.021(c) (West Supp.2015). At the time of Paquette's offense, section 33.021(a) defined "minor" as "an individual who represents

himself or herself to be younger than 17 years of age; or [ ] an individual whom the actor believes to be younger than 17 years of age." Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws. 4049, 4050. It was not a defense that "(1) the meeting did not occur; (2) the actor did not intend for the meeting to occur; or (3) the actor was engaged in a fantasy at the time of commission of the offense." *Id.*

In his application for writ of habeas corpus, Paquette argued that:

Section 33.021 is unconstitutionally overbroad on its face under the First Amendment because it is a content-based restriction that severely criminalizes a substantial amount of speech protected under the First Amendment.

Section 33.021 is unconstitutionally vague under the Fifth and Fourteenth Amendments because men of common intelligence must necessarily guess at its meaning and differ as to its application. Section 33.021 violates the Dormant Commerce Clause because it unduly burdens interstate commerce by attempting to place regulations on the entirety of the Internet.

Section 33.021 is unconstitutional under the Sixth Amendment, Due Process Clause of the Fourteenth Amendment, and Due Course of Law under the Texas Constitution because it violates a defendant's ability to present a meaningful and complete defense because it negates the mens rea that fantasy and mistake of fact are not a defense.

Finding that section 33.021 is unconstitutional and void, the trial court dismissed the indictment against Paquette.

1. In *Ex parte Lo,* 424 S.W.3d 10 (Tex.Crim. App.2013), the Texas Court of Criminal Appeals held that "Section 33.021(b) of the Texas Penal Code is overbroad because it prohibits a wide array of constitutionally protected

■ On appeal, the State contends the trial court erred by concluding that section 33.021 is unconstitutional. "Whether a statute is facially constitutional is a question of law that we review *de novo.*" *Ex parte Lo,* 424 S.W.3d 10, 14 (Tex.Crim. App.2013).[1] We presume that a statute is valid and that the legislature did not act unreasonably or arbitrarily. *Id.* at 14–15. "The burden normally rests upon the person challenging the statute to establish its unconstitutionality." *Id.* at 15. "[W]hen the government seeks to restrict and punish speech based on its content, the usual presumption of constitutionality is reversed." *Id.* "Content-based regulations (those laws that distinguish favored from disfavored speech based on the ideas expressed) are presumptively invalid, and the government bears the burden to rebut that presumption." *Id.* We apply strict scrutiny to content-based regulations. *Id.*

In *Ex parte Victorick,* No. 09–13–00551–CR, 2014 WL 2152129, 2014 Tex.App. LEXIS 5429 (Tex.App.–Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication), *cert. denied, Victorick v. Texas,* —— U.S. ——, 135 S.Ct. 1557, 191 L.Ed.2d 638 (2015), this Court addressed whether (1) "section 33.021(c) is unconstitutionally overbroad and vague under the First, Fifth, and Fourteenth Amendments to the United States Constitution and under Article I, Section 8 of the Texas Constitution[;]" (2) "subsection (c) 'criminalizes a substantial amount of harmless speech between adults' that is protected under the First Amendment to the United States Constitution and under Article I, Section 8 of the Texas Constitution[;]" and (3) subsection (c) "fails to give fair notice of the

speech and is not narrowly drawn to achieve only the legitimate objective of protecting children from sexual abuse." *Ex parte Lo,* 424 S.W.3d at 14.

conduct that is forbidden." *Ex parte Victorick*, 2014 WL 2152129, at *2, 2014 Tex. App. LEXIS 5429, at *6. In doing so, we stated that "the "solicitation-of-a-minor offense defined by subsection (c) is 'the conduct of knowingly soliciting a minor to engage in illegal sexual acts[,]' as opposed to [ ] 'sexually explicit' communication, i.e., speech[.]" *Id.* at *2, 2014 Tex.App. LEXIS 5429, at **6–7. Accordingly, subsection (c) "punishes **conduct** rather than the content of speech alone[ ]" and "has a rational relationship to a legitimate and compelling state interest." *Id.* at *3, 2014 Tex.App. LEXIS 5429, at *8. We explained that:

> Subsection (c) includes a *mens rea.* A person commits an offense under the statute if the person "knowingly solicits" a "minor" to meet another person with the "intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse[.]" "[T]he compelling interest of protecting children from sexual predators is well served by the solicitation-of-a-[minor] prohibition in subsection (c)." The Supreme Court and federal appellate courts have upheld online solicitation statutory provisions that prohibit online solicitation of a minor to engage in sexual acts.

*Id.* at *4, 2014 Tex.App. LEXIS 5429, at *10 (internal citations omitted).

We also rejected Victorick's argument that the statute's definition of "minor" encompassed "constitutionally protected communications between adults." *Id.* at *5, 2014 Tex.App. LEXIS 5429, at *13. We explained that the definition is "inclusive of circumstances where either the recipient provides notice to the offender that the recipient is younger than 17 years old or where the offender holds the belief that the recipient is younger than 17 years old." *Id.* at *5, 2014 Tex.App. LEXIS 5429, at *14. We added that:

Given the State's "solemn duty—to protect young children from the harm that would be inflicted upon them by sexual predators," the State has a legitimate and compelling interest in protecting children from predators, and the statute provides this protection by allowing the State to prosecute such predators. The fact that the statute defines "minor" to include otherwise legal communications with someone who may actually be over the age of 17 would not make the statute unconstitutionally overbroad because the "overbreadth," if any, would not be substantial when compared to the compelling and legitimate purpose of the statute.

*Id.* at *5, 2014 Tex.App. LEXIS 5429, at **14–15 (internal citations omitted). We further explained that "Section 33.021(c) unambiguously provides that a person is prohibited from 'knowingly' soliciting a minor 'over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service ... with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.'" *Id.* at *6, 2014 Tex.App. LEXIS 5429, at *17 (quoting Tex. Penal Code Ann. § 33.021(c)). "There is no constitutionally protected right to solicit sexual contact with a recipient who represents that he or she is younger than 17 or a recipient who, the actor believes, is younger than 17, or who is actually younger than 17." *Id.* at *6, 2014 Tex.App. LEXIS 5429, at **17–18. Accordingly, the statute's "prohibited behavior is sufficiently clear and subsection (c) would give an ordinary person 'adequate notice' that such conduct is a criminal offense." *Id.* at *6, 2014 Tex.App. LEXIS 5429, at *16.

We also rejected the argument that "section 33.021(c) fails to allow for a defendant to raise the defense that he had a

reasonable belief that the complaining witness was '17 years of age or older at the time of the alleged offense.'" *Id.* at *7, 2014 Tex.App. LEXIS 5429, at *19. This is because the statute "contains a *mens rea* requirement." *Id.* "The State must prove that the defendant 'knowingly solicited' a 'minor' to meet another person with the intent that the 'minor' would engage in sexual activity." *Id.* "The requirement that 'the defendant must solicit 'with the intent that the minor will engage in sexual contact' ... operates to make otherwise innocent conduct, i.e., soliciting a minor to meet, into criminal conduct.'" *Id.* (quoting *Ex parte Zavala*, 421 S.W.3d 227, 232 (Tex.App.–San Antonio 2013, pet. ref'd)).

■ According to Paquette, section 33.021(c) is a content-based regulation, criminalizes protected speech, punishes those who lack the intent to commit illegal sexual acts, requires a defendant to guess at the statute's meaning and application, and eliminates the mistake-of-fact defense. Our opinion in *Victorick*, however, disposes of these complaints. *See id.* at **2–3, 3–4, 5–7, 2014 Tex.App. LEXIS 5429, at **6–8, 10–11, 14–18. Based on *Victorick*, we conclude that section 33.021(c) is not unconstitutionally overbroad and vague. *See id.* Nor does the statute foreclose a mistake-of-fact defense. *See id.*; *see also Ex parte Fisher*, 481 S.W.3d 414, 421 (Tex.App.–Amarillo 2015, no pet. h.) ("The prohibitions against raising the defenses enumerated in section 33.021(d) apply only post-solicitation."); *Ex parte Wheeler*, 478 S.W.3d 89, 95 (Tex.App.–Houston [1st Dist.] 2015, pet. ref'd) ("[W]e read subsection (c) to require proof of specific intent to meet at the time of the solicitation, and [s]ubsection (d)(2) to refer only to the solicitor's intent post-solicitation ..... subsection (d)(2) [ ] preclude[s] only a defense on the basis that the solicitor lost the specific intent to meet or changed his mind

about meeting after the solicitation occurred."). We decline Paquette's invitation to revisit our decision in *Victorick*.

Paquette also contends that the statute "forecloses a 'fantasy' inferential-rebuttal defense." In *Maloney v. State*, 294 S.W.3d 613 (Tex.App.–Houston [1st Dist.] 2009, pet. ref'd), the First Court of Appeals rejected the contention that section 33.021(d) "'prohibits a defendant from availing himself of the defense of engaging in the lawful activity of *fantasy*.'" *Maloney*, 294 S.W.3d at 626. The First Court of Appeals explained as follows:

The prevention of sexual exploitation and abuse of children addressed by the Texas online solicitation of a minor statute constitutes a government objective of surpassing importance.... [T]he incidence of the State seeking to prosecute two consenting adults engaging in online role playing or "fantasy" would likely be exceedingly low. Considering the overly broad scope and purpose of section 33.021, we have been given no basis to believe that prosecutions of consenting adults engaging in role-playing would amount to any more than a "tiny fraction" of all prosecutions under the statute.

In sum, the overbreadth of Penal Code section 33.021 is not substantial when judged in relation "to its plainly legitimate sweep."

*Id.* at 628 (internal citations omitted). The First Court held that the statute does not "criminalize the act of fantasy, unless, as part of that 'fantasy,' a person engages in the conduct proscribed in Penal Code section 33.021." *Id.* at 629. For the reasons stated in *Maloney*, we likewise hold that section 33.021(d) does not unconstitutionally foreclose a defendant's ability to assert a fantasy defense. *See id.* at 628–29; *see also Ex parte Wheeler*, 478 S.W.3d at 95, 96 (Finding that "the legitimate reach of

Penal Code section 33.021(c) dwarfs the threat of its arguably impermissible application to innocent age-players and that whatever overbreadth exists should be cured by thorough and case-by-case analysis and judicious use of prosecutorial discretion.").

 Finally, Paquette maintains that the statute violates the Dormant Commerce Clause. *See* U.S. Const. art. I, § 8. An evenhanded regulation intended to "effectuate a legitimate local public interest is valid unless preempted by federal action ... or unduly burdensome on maritime activities or interstate commerce[.]" *Huron Portland Cement Co. v. Detroit*, 362 U.S. 440, 443, 80 S.Ct. 813, 4 L.Ed.2d 852 (1960). In *Ex parte Wheeler*, the First Court of Appeals found that section 33.021 is evenhanded and does not differentiate between interstate and intrastate commerce. *Ex parte Wheeler*, 478 S.W.3d at 97. The First Court concluded that "protecting children from sexual predators is a legitimate local public interest[,]" and "the effect of the statute on interstate commerce is only incidental in relation to the local benefit of the statute." *Id.* at 97. Accordingly, the First Court rejected Wheeler's contention that section 33.021 violated the Dormant Commerce Clause. *Id.* at 97.

The Seventh Court of Appeals has also found that section 33.021(c) does not violate the Dormant Commerce Clause. *See Ex parte Fisher*, 481 S.W.3d at 422. In *Ex parte Fisher*, the Seventh Court stated, "With regard to the putative local benefits of the statute at issue, it is beyond contention that stopping the solicitation of minors via the Internet is of paramount local importance." *Id.* at 422. The Seventh Court held that "any effect on interstate commerce would be merely incidental[ ]" and that an "incidental effect on interstate commerce is not sufficient for us to declare.

the statute unconstitutional under the Commerce Clause." *Id.* at 422. We agree with our sister courts that section 33.021(c) has only an incidental effect on interstate commerce and does not violate the Dormant Commerce Clause. *See id.*; *see also Collins v. State*, 479 S.W.3d 533, 542 (Tex. App.–Eastland 2015, no pet.) (following *Wheeler*); *Ex parte Wheeler*, 478 S.W.3d at 96–97.

Having rejected Paquette's constitutional challenges to section 32.021(c) and (d), we sustain the State's sole issue. We reverse the trial court's order granting Paquette's application for writ of habeas corpus and dismissing the indictment against Paquette. We remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.