In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00078-CR
_____

**MAZEN ABDELKADER ELZARKA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 14-02-01476 CR**

**MEMORANDUM OPINION**

The State charged Mazen Abdelkader Elzarka with online solicitation of a minor, a second degree felony. *See* Tex. Penal Code Ann. § 33.021(c) (West Supp. 2015). Prior to his trial, Elzarka challenged the constitutionality of the online solicitation statute in a combined pre-trial application for a writ of habeas corpus and motion to quash the indictment. Also, Elzarka filed a separate motion to quash the indictment, alleging it lacked sufficient specificity. The trial court denied Elzarka's motions in a pre-trial hearing, and following a trial, the jury found

1

Elzarka guilty of the crime of online solicitation of a minor. Following a punishment hearing, the jury assessed Elzarka's punishment at two years' confinement in the Institutional Division of the Texas Department of Criminal Justice together with a $5,000 fine. The trial court sentenced Elzarka in accordance with the jury's recommendations.

Elzarka appeals his conviction for online solicitation, challenging the trial court's pre-trial ruling on his motions to quash the indictment. In two issues, Elzarka contends that the trial court erred by finding section 33.021(c) of the Texas Penal Code constitutional. In issue one, Elzarka argues section 33.021(c) of the Texas Penal Code is unconstitutionally overbroad in violation of the First Amendment. In issue two, Elzarka argues that section 33.021(c) is unconstitutionally vague in violation of his rights under the Fourteenth Amendment. We conclude that Elzarka's issues are without merit, and we affirm the trial court's judgment.

Texas Penal Code section 33.021(c) provides that a person commits an offense under this section:

> if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

Tex. Penal Code Ann. § 33.021(c). At the time Elzarka committed the offense at issue, the statute defined a "minor" as "an individual who represents himself or herself to be younger than 17 years of age" or "an individual whom the actor believes to be younger than 17 years of age." Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021(a)) (italics omitted). The former statute also provided that it was not a defense that "(1) the meeting did not occur; (2) the actor did not intend for the meeting to occur; or (3) the actor was engaged in a fantasy at the time of commission of the offense." *Id.* (current version at Tex. Penal Code Ann. § 33.021(d)).

Elzarka contends that given the other subsections of section 33.021, section 33.021(c) "forbids a substantial amount of speech that is protected under the First Amendment: speech that is neither (1) solicitant [n]or (2) directed at someone the speaker believes to be a minor." He also contends that section 33.021 is void for vagueness because subsection (d) eliminates the intent element from subsection (c), and that consequently people of common intelligence must guess at the meaning of section 33.021.

Elzarka argues that the Texas Court of Criminal Appeals incorrectly applied a conduct-based analysis in addressing a facial challenge to a different subsection of section 33.021. *See Ex parte Lo*, 424 S.W.3d 10, 14-15 (Tex. Crim. App. 2013).

3

He contends the courts should adopt a categorical test and declare section 33.021(c) void unless it falls into one of the categories of historically unprotected speech. *See United States v. Alvarez*, 132 S.Ct. 2537, 2544, 567 U.S. ___ (2012); *United States v. Stevens*, 559 U.S. 460, 469-70 (2010). However, these categories include speech integral to criminal conduct. *Alvarez*, 132 S.Ct. at 2544; *see Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502 (1949) ("But it has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed."). The United States Supreme Court has held that "[o]ffers to engage in illegal transactions are categorically excluded from First Amendment protection." *U.S. v. Williams*, 553 U.S. 285, 297 (2008).

We are bound to follow the federal constitutional analysis employed by the Texas Court of Criminal Appeals. *See Lewis v. State*, 448 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) ("We are bound in criminal cases to follow decisions of the Court of Criminal Appeals."). In reviewing a claim that a statute is facially unconstitutional, the question presents a question of law that is reviewed using a de novo standard. *Lo*, 424 S.W.3d at 14. Initially, in evaluating a statute's constitutionality, we presume the statute is valid and that the legislature has not acted unreasonably or arbitrarily by enacting it. *Id*. at 14-15. The party

4

challenging a statute on the ground that it is unconstitutional normally carries the burden to establish the statute's unconstitutionality, but the presumption is reversed if the challenged statute seeks to restrict and punish speech based on its content. *Id.* at 15. "Content-based regulations (those laws that distinguish favored from disfavored speech based on the ideas expressed) are presumptively invalid, and the government bears the burden to rebut that presumption." *Id.* (footnotes omitted). We apply strict scrutiny to content-based regulations. *Id.*

The arguments that Elzarka raises in his appeal have been presented to us in several other cases that we decided this year. *See Ex parte Mahmoud*, No. 09-15-00424-CR, 2016 WL ___, at *__ (Tex. App.—Beaumont Mar. 30, 2016, no pet. h.) (mem. op., not designated for publication); *Ex parte Goetz*, No. 09-15-00409-CR, 2016 WL ___, at *__ (Tex. App.—Beaumont Mar. 30, 2016, no pet. h.) (mem. op., not designated for publication); *State v. Paquette*, No. 09-15-00361-CR, 2016 WL 747243, at *3 (Tex. App.—Beaumont Feb. 24, 2016, no pet. h.). In these cases, we relied on our analysis in *Ex parte Victorick,* No. 09-13-00551-CR, 2014 WL 2152129, at **2-7 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, *Victorick v. Texas*, 135 S.Ct. 1557 (2015). In *Victorick*, we concluded that section 33.021(c) "punishes conduct rather than the content of speech alone." 2014 WL 2152129, at *3. Thus, we rejected Victorick's argument that section 33.021(c) of the Penal Code involved a content-

based restriction on speech, and we began our analysis with the presumption that section 33.021(c) of the Penal Code was constitutionally valid. *Id*. at *4. Moreover, we decided that section 33.021(c) has a rational relationship to a legitimate and compelling state interest of protecting children from sexual predators by prohibiting online solicitation of a minor to engage in sexual acts. *Id*. at **3, 5. In *Paquette*, we held that section 33.021(d) does not unconstitutionally foreclose a defendant's ability to assert a fantasy defense. 2016 WL 747243, at *3.

Based on our former precedent, we decline to revisit our decisions in *Victorick* and *Paquette*. Therefore, we reject Elzarka's arguments that section 33.021 is overbroad in violation of the First Amendment and unconstitutionally vague in violation of the Fourteenth Amendment. *See Paquette*, 2016 WL 747243, at *3; *Victorick*, 2014 WL 2152129, at *6. We conclude that the trial court properly denied Elzarka's motions to quash the indictment. We overrule issues one and two, and we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on January 5, 2016
Opinion Delivered April 13, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

6