In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00452-CR
NO. 09-14-00453-CR

_____

**JEROMY JOHN LEAX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-11-11867 CR (Counts I and II)**

**MEMORANDUM OPINION**

The State charged Jeromy John Leax with two counts of online solicitation of a minor. In a pre-trial application asking the trial court to issue a writ of habeas corpus, Leax challenged the constitutionality of the online solicitation statute. He also filed a motion to quash the indictment that charged him with the crime of online solicitation of a minor. Before trial, and based on the terms of his plea agreement with the State, Leax pled guilty to committing the offenses alleged in

1

the indictment. On Leax's two convictions for online solicitation, the trial court assessed concurrent thirteen-year sentences.

Leax appeals his convictions, and he challenges the trial court's pre-trial ruling on his motion to quash the indictment. In three issues, Leax contends that the trial court erred by finding section 33.021(c) of the Texas Penal Code constitutional. According to Leax, section 33.021(c) of the Texas Penal Code is unconstitutionally overbroad in violation of the First Amendment, is unconstitutionally vague in violation of the Fourteenth Amendment, and violates the Dormant Commerce Clause. We conclude that Leax's issues are without merit, and we affirm the trial court's judgments.

Texas Penal Code section 33.021(c) provides that a person commits an offense under this section:

> if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

Tex. Penal Code Ann. § 33.021(c) (West Supp. 2015). At the time Leax committed the offenses that are at issue, the statute defined a "minor" as "an individual who represents himself or herself to be younger than 17 years of age" or "an individual whom the actor believes to be younger than 17 years of age." Act of May 25, 2005,

79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021(a)) (italics omitted). The former statute also provided that it was not a defense that "(1) the meeting did not occur; (2) the actor did not intend for the meeting to occur; or (3) the actor was engaged in a fantasy at the time of commission of the offense." *Id*. (current version at Tex. Penal Code Ann. § 33.021(d)).

Leax contends that given the other subsections of section 33.021, section 33.021(c) forbids a substantial amount of protected speech "that is neither solicitant nor directed at someone the speaker believes to be a minor." He also contends that section 33.021(c) is void for vagueness because people of common intelligence must necessarily guess at the meaning of the intent element. Last, Leax argues that by attempting to place regulations on Internet users everywhere, section 33.021(c) unduly burdens interstate commerce in violation of the Dormant Commerce Clause. Leax suggests that the courts should adopt a categorical test and declare section 33.021(c) void unless it falls into one of the categories of historically unprotected speech. Leax points to recent decisions of the Supreme Court of the United States to support his argument that content-based restrictions on speech have been permitted, as a general matter, only when confined to a few traditional categories of expression. *See United States v. Alvarez*, 132 S.Ct. 2537,

2544, 567 U.S. ___ (2012); *United States v. Stevens*, 559 U.S. 460, 469-70 (2010). These categories include speech integral to criminal conduct. *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502 (1949) ("But it has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed."). Additionally, as Leax acknowledges in his brief, the Texas Court of Criminal Appeals recently applied a conduct-based analysis in addressing a facial challenge to a different subsection of section 33.021. *See Ex parte Lo*, 424 S.W.3d 10, 14-15 (Tex. Crim. App. 2013).

We are bound to follow the federal constitutional analysis employed by the Texas Court of Criminal Appeals. *See Lewis v. State*, 448 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) ("We are bound in criminal cases to follow decisions of the Court of Criminal Appeals."). In reviewing a claim that a statute is facially unconstitutional, the question presents a question of law that is reviewed using a de novo standard. *Lo*, 424 S.W.3d at 14. Initially, in evaluating a statute's constitutionality, we presume the statute is valid and that the legislature has not acted unreasonably or arbitrarily by enacting it. *Id*. at 14-15. The party challenging a statute on the ground that it is unconstitutional normally carries the burden to establish the statute's unconstitutionality, but the presumption is reversed

4

if the challenged statute seeks to restrict and punish speech based on its content. *Id.* at 15. "Content-based regulations (those laws that distinguish favored from disfavored speech based on the ideas expressed) are presumptively invalid, and the government bears the burden to rebut that presumption." *Id.* (footnotes omitted). We apply strict scrutiny to content-based regulations. *Id.*

The arguments that Leax raises in his appeal have been presented to us in several other cases we decided this year. *See Ex parte Mahmoud*, No. 09-15-00424-CR, 2016 WL ___, at *__ (Tex. App.—Beaumont Mar. 30, 2016, no pet. h.) (mem. op., not designated for publication); *Ex parte Goetz*, No. 09-15-00409-CR, 2016 WL ___, at *__ (Tex. App.—Beaumont Mar. 30, 2016, no pet. h.) (mem. op., not designated for publication); *State v. Paquette*, No. 09-15-00361-CR, 2016 WL 747243, at *3 (Tex. App.—Beaumont Feb. 24, 2016, no pet. h.); *Ex parte Victorick*, No. 09-13-00551-CR, 2014 WL 2152129, at **2-7 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, *Victorick v. Texas*, 135 S.Ct. 1557 (2015). In *Victorick*, we concluded that section 33.021(c) "punishes conduct rather than the content of speech alone." 2014 WL 2152129, at *3. Thus, we rejected Victorick's argument that section 33.021(c) of the Penal Code involved a content-based restriction on speech, and we began our analysis with the presumption that section 33.021(c) of the Penal Code

was constitutionally valid. *Id*. at *4. Moreover, we decided that section 33.021(c) has a rational relationship to a legitimate and compelling state interest of protecting children from sexual predators by prohibiting online solicitation of a minor to engage in sexual acts. *Id*. at **3, 5.

Relying on our analysis in *Victorick*, we concluded in three recent opinions that section 33.021(c) is not unconstitutionally overbroad or vague. *Mahmoud*, 2016 WL ___, at *__; *Goetz*, 2016 WL ___, at *__; *Paquette*, 2016 WL 747243, at *3; *see Victorick*, 2014 WL 2152129, at **2-7. Based on our former precedent, we decline to revisit our decision in *Victorick*. Therefore, we reject Leax's arguments that section 33.021 is overbroad in violation of the First Amendment and unconstitutionally vague in violation of the Fourteenth Amendment. *See Paquette*, 2016 WL 747243, at *3; *Victorick*, 2014 WL 2152129, at *6.

Leax also contends that the trial court erred in denying his motion to quash because section 33.021 violates the Dormant Commerce Clause. We rejected this same contention in *Paquette*, in *Mahmoud*, and in *Goetz*, and we decline to revisit our analysis regarding the claim that section 33.021 violates the Dormant Commerce Clause. *See Mahmoud*, 2016 WL ___, at *__; *Goetz*, 2016 WL ___, at *__; *Paquette*, 2016 WL 747243, at *4. We affirm our prior holdings that section

33.021(c) has only an incidental effect on interstate commerce and does not violate the Dormant Commerce Clause. *Paquette*, 2016 WL 747243, at *4.

Having considered Leax's arguments, we conclude that the trial court properly denied Leax's motion to quash the indictment. We overrule issues one through three, and we affirm the trial court's judgments.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 21, 2015
Opinion Delivered April 13, 2016
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.