In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00142-CR
_____

**MICHAEL KELVIN SWENSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 14-05-05112-CR

**MEMORANDUM OPINION**

Michael Kelvin Swenson challenged his indictment for online solicitation of a child by filing a pre-trial application for a writ of habeas corpus. The trial court denied the application without a hearing. On the same day that the trial court denied the habeas application, the trial court accepted Swenson's guilty plea pursuant to a plea bargain agreement and sentenced Swenson to two years of incarceration. Swenson appealed from the judgment of conviction, and the trial court certified that

1

this is a plea-bargain case but Swenson had the right to appeal an issue that was ruled on before trial.

In three issues, Swenson makes a facial challenge to the constitutionality of subsections (c) and (d) of the pre-2015 version of the online solicitation statute. *See generally* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, sec. 33.021, 2005 Tex. Gen. Laws 4049, 4050, amended by Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws 1167, 1167–68, amended by Act of May 27, 2007, 80th Leg., R.S., ch. 1291, § 7, 2007 Tex. Gen. Laws 4344, 4350 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021 (West Supp. 2016)).[1] He argues the statute is overbroad in violation of the First Amendment, unconstitutionally vague under the Fourteenth Amendment, and it violates the dormant Commerce Clause.

Two cases decided by the Court of Criminal Appeals after the briefs were filed in this appeal demonstrate that the trial court did not err in denying Swenson's pre-trial habeas application. In *Ex parte Ingram*, the Court of Criminal Appeals held that claims based on the anti-defensive issues, including a claim that the statute is unconstitutionally vague because section 33.021(d) eliminates the intent element

---

[1] All references to Section 33.021 in this Opinion refer to the pre-2015 solicitation statute.

2

from section 33.021(c), are not cognizable in a pre-trial habeas application because it does not become law applicable to the case until it is raised by the evidence at trial. *See* No. PD-0578-16, 2017 WL 2799980, at *3–4 (Tex. Crim. App. June 28, 2017). Additionally, *Ingram* held that section 33.021(c) was neither unconstitutionally overbroad nor violative of the Commerce Clause. *Id.* at *7–12. In *Leax v. State*, the Court of Criminal Appeals held that the appellant's facial constitutional challenges failed on appeal for the same reason as they failed in pre-trial habeas proceedings in *Ingram. See Leax v. State*, No. PD-0517-16, 2017 WL 4675411, at *2 (Tex. Crim. App. Oct. 18, 2017). Furthermore, the record was insufficiently developed on appeal for Leax to show that any of the anti-defensive provisions of section 33.021(d) would have been invoked against him. *Id.* Like *Ingram* and *Leax*, Swenson did not develop a record concerning whether he intended for the meeting to occur or he was engaged in fantasy play at the time he committed the offense.

Furthermore, we have previously held that section 33.021(c) is not unconstitutionally vague or overbroad and that the statute has only an incidental effect on interstate commerce and does not violate the Commerce Clause. *State v. Paquette*, 487 S.W.3d 286, 288–91 (Tex. App.—Beaumont 2016, no pet.). We decline to revisit our holding in that case. We overrule issues one through three and affirm the trial court's judgment.

3

AFFIRMED.

                                         _____
                                                CHARLES KREGER
                                                    Justice

Submitted on August 15, 2017
Opinion Delivered December 6, 2017
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.