In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00483-CR
_____

SHERIF SAYED MAHMOUD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 14-01-00392-CR

MEMORANDUM OPINION

The State charged Sherif Sayed Mahmoud with online solicitation of a minor.

Mahmoud filed a motion to quash, in which he asserted that section 33.021 of the

Texas Penal Code is unconstitutionally overbroad and vague, and therefore violates

the First, Fifth, and Fourteenth Amendments. The trial court denied Mahmoud's

motion to quash.[1] A jury then convicted Mahmoud, and the trial judge sentenced

_____

[1]Mahmoud also raised this issue in a pretrial application for habeas corpus.
The trial court denied his application, and on appeal, this Court affirmed the trial

1

Mahmoud to two years of confinement. In his sole appellate issue, Mahmoud argues that section 33.021 is an unconstitutionally overbroad content-based restriction on speech which violates the First Amendment. Specifically, Mahmoud argues that subsections 33.021(c) and (d), which prohibit the use of fantasy as a defense, are a content-based restriction on speech.[2] Because we find Mahmoud's challenge to be without merit, we conclude that the trial court did not err by denying Mahmoud's motion to quash the indictment, and we therefore affirm the trial court's judgment.

Under section 33.021(c), a person commits the offense of online solicitation of a minor when

> "the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person."

court's order denying Mahmoud's application. *See Ex parte Mahmoud*, No. 09-15-00424-CR, 2016 WL 1267882 (Tex. App.—Beaumont Mar. 30, 2016, pet. ref'd) (mem. op., not designated for publication).

[2]In the prayer at the end of his brief, Mahmoud asks that we find that section 33.021(c) and (d) of the Penal Code are unconstitutional "as applied" in his case. However, Mahmoud does not concede in his brief that the statute is facially constitutional; rather, he argues that it is unconstitutional as written. *See Modarresi v. State*, 488 S.W.3d 455, 465 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (noting that when presenting an as-applied challenge, a defendant concedes the general constitutionality of the statute but contends it is unconstitutional as applied to the facts of his case). We therefore interpret Mahmoud's issue as a facial challenge to the constitutionality of the statute.

Tex. Penal Code Ann. § 33.021(c) (West Supp. 2016). At the time of Mahmoud's offense, the statute defined "minor" as "an individual who represents himself or herself to be younger than 17 years of age; or [] an individual whom the actor believes to be younger than 17 years of age." Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021(a)(1)). It was not a defense that "(1) the meeting did not occur; (2) the actor did not intend for the meeting to occur; or (3) the actor was engaged in a fantasy at the time of commission of the offense." Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021(d)).

Mahmoud argues that section 33.021 is overbroad in violation of the First Amendment. Mahmoud argues that section 33.021 regulates speech, restricts speech based on content, and fails strict scrutiny. Mahmoud contends that subsection (d) eliminates the specific intent requirement to commit an illegal sexual act and prohibits a defendant from availing himself of the defense of engaging in the lawful activity of fantasy. Mahmoud concludes that the statute is unconstitutional under the strict scrutiny standard applied by the Texas Court of Criminal Appeals in *Ex parte Lo*, and under the approach employed by the United States Supreme Court in

*Stevens. See United States v. Stevens*, 559 U.S. 460 (2010); *see also Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013).

This Court has already determined that section 33.021(c) is a conduct-based statute and does not criminalize protected speech; thus, the statute is not subject to strict scrutiny. *See Ex parte Victorick*, No. 09-13-00551-CR, 2014 WL 2152129, at *1, 4 (Tex. App.—Beaumont May 21, 2014, pet ref'd) (mem. op., not designated for publication). In *State v. Paquette*, 487 S.W.3d 286 (Tex. App.—Beaumont 2016, no pet.), we reaffirmed our holding in *Victorick* that section 33.021(c) is not unconstitutionally overbroad. *See Paquette,* 487 S.W.3d at 290. In doing so, we declined to revisit our holding in *Victorick*, and we decline to do so now. *See id.* Having rejected the argument that section 33.021 restricts speech based on content, we presume that statute is valid and that the legislature did not act unreasonably in enacting the statute, and it is within that framework that we address Mahmoud's overbreadth argument. *See Ex parte Victorick,* 2014 WL 2152129, at *4.

We have rejected the argument that the definition of "minor" in section 33.021 is unconstitutionally overbroad. *See id.* at *5. We explained that the "fact that the statute defines 'minor' to include otherwise legal communications with someone who may actually be over the age of 17 would not make the statute unconstitutionally overbroad because the 'overbreadth,' if any, would not be substantial when

4

compared to the compelling and legitimate purpose of the statute." *Id*. We also rejected the argument that section 33.021(d) fails to allow for a defendant to raise the defense that he is engaging in the lawful activity of fantasy. *See Paquette*, 487 S.W.3d at 290. In *Paquette*, we agreed with the First Court of Appeal's holding in *Maloney v. State*, 294 S.W.3d 613 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd), which states that the statute does not "'criminalize the act of fantasy, unless, as part of that 'fantasy,' a person engages in the conduct proscribed in Penal Code section 33.021.'" *See Paquette*, 487 S.W.3d at 290 (quoting *Maloney*, 294 S.W.3d at 629). In considering that the purpose of the statute is to prevent the sexual exploitation and abuse of children, the First Court stated that "the overbreadth of Penal Code section 33.021 is not substantial when judged in relation 'to its plainly legitimate sweep.'" *Maloney*, 294 S.W.3d at 628. For the reasons stated in *Maloney*, we held that section 33.021(d) does not unconstitutionally foreclose a defendant's ability to assert a fantasy defense. *See Paquette,* 487 S.W.3d at 290.

Mahmoud also contends that section 33.021(d) eliminates the intent requirement to commit an illegal sexual act. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050 (amended 2015) (providing that it is not a defense to prosecution under section 33.021(c) that the meeting did not occur, that the actor did not intend for the solicited meeting to occur, or that the

5

actor was engaged in a fantasy at the time of commission of the offense). According to Mahmoud, the statute permits conviction even if there is no intent to commit a crime, either because the solicitor knows that the object of his sexual attention is not in fact a child, or because he has no intent for a meeting to occur. We disagree with Mahmoud's argument that 33.021(d) eliminates the intent element of section 33.021(c).

In *Paquette*, we explained that section 33.021(c) unambiguously prohibits a person from knowingly soliciting a minor over the Internet, by electronic mail, via text message or other electronic message service or system, or through a commercial online service with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person. *Paquette*, 487 S.W.3d 289; *see also* Tex. Penal Code Ann. § 33.021(c)). "There is no constitutionally protected right to solicit sexual contact with a recipient who represents that he or she is younger than 17 or a recipient who, the actor believes, is younger than 17, or who is actually younger than 17." *Ex parte Victorick*, 2014 WL 2152129, at *6. "Accordingly, the statute's "prohibited behavior is sufficiently clear and subsection (c) would give an ordinary person 'adequate notice' that such conduct is a criminal offense." *Id*.

6

Section 33.021(c) contains a *mens rea* requirement. *See Ex parte Victorick*, 2014 WL 2152129, at *4. According to the plain language of the statute, the gravamen of the offense defined by subsection (c) is the knowing solicitation of a minor to meet a person, with the intent that the minor will engage in some form of sexual contact with that person. Tex. Penal Code Ann. § 33.021(c); *see Ex parte Zavala*, 421 S.W.3d 227, 232 (Tex. App.—San Antonio 2013, pet. ref'd). "The prohibited conduct is the act of 'soliciting.'" *Ex parte Zavala*, 421 S.W.3d at 232. The crime of soliciting a minor on the internet under section 33.021(c) is completed at the time of the internet solicitation rather than at some later time if and when the actor meets the child. *Id*. (citing *Ex parte Lo*, 424 S.W.3d at 23). Because the requisite intent arises within the conduct of soliciting a minor, "it does not matter what happens after the solicitation occurs because the offense has been completed; it does not matter whether the solicited meeting actually occurs, or that the defendant did not intend for the meeting to actually occur, or that the defendant was engaged in a fantasy at the time of the solicitation." *Id.* (citing Tex. Penal Code Ann. § 33.021(d)).

"If a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity." *Maloney*, 294 S.W.3d at 626. We read section 33.021(c) to require proof of specific intent to meet at the

7

time of the solicitation, and subsection (d) to refer only to the solicitor's intent post-solicitation. *See Ex parte Wheeler*, 478 S.W.3d 89, 95 (Tex. App.—Houston [1st Dist.] 2015, pet ref'd). Thus, we interpret subsection (d) to preclude only a defense on the basis that the solicitor lost the specific intent to meet or changed his mind about meeting after the solicitation occurred. *See id.* We hold that subsection (d) does not relieve the State of its burden to prove that the defendant had the specific intent at the time of the solicitation. *See id.*; *Ex parte Zavala*, 421 S.W.3d at 232 (determining that subsection (d) does not negate the intent element of subsection (c)). Thus, we conclude that subsection (d) does not conflict with or negate the intent element of the solicitation-of-a-minor offense defined by (c). *See Ex parte Wheeler*, 478 S.W.3d at 95; *Ex parte Zavala*, 421 S.W.3d at 232.

Having rejected Mahmoud's constitutional challenge to section 33.021, we conclude that the trial court did not err by denying Mahmoud's motion to quash the indictment. *See Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007) (applying a *de novo* standard of review to a trial court's decision denying a motion to quash an indictment). We overrule Mahmoud's sole issue and affirm the trial court's judgment.

AFFIRMED.

$$\overline{\hspace{3cm}}$$
STEVE McKEITHEN
Chief Justice

Submitted on February 13, 2019
Opinion Delivered April 3, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

9