# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-21-00350-CR
_____

**STEVEN LYNN ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-04-05265-CR**
_____

### MEMORANDUM OPINION

Appellant Steven Lynn Robinson appeals his conviction for online solicitation of a minor. *See* Tex. Penal Code Ann. § 33.021(c). In his sole issue, Robinson argues the trial court erred by denying his pretrial motions to suppress records of electronic communications and internet searches that were allegedly obtained under the authority of an administrative subpoena provided by section 422.003 of the Texas Government Code. *See* Tex. Gov't Code Ann. § 422.003. We affirm the trial court's judgment.

1

PERTINENT BACKGROUND

A grand jury indicted Robinson for the offense of online solicitation of a minor, a second-degree felony. *See* Tex. Penal Code Ann. § 33.021(c). The indictment alleged that Robinson did knowingly

> solicit over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, [the undercover officer], a minor, to meet the defendant with the intent that [the undercover officer], would engage in sexual contact or sexual intercourse or deviate sexual intercourse with the defendant[.]

Robinson filed a Motion to Suppress Google Records, arguing that the evidence seized from his Google account should be suppressed because the undercover officer's Affidavit for Search Warrant was defective and failed to establish probable cause. In his affidavit, the undercover officer with the Montgomery County District Attorney's Office Internet Crimes against Children Task Force ("ICAC"), averred that while conducting an online investigation of a minor and posing as a fourteen-year-old female persona, he communicated with Robinson on KIK application's messenger. The undercover officer averred that Robinson stated, "'I always want to meet up with someone young and beautiful. I hope that's ok with you.'" The undercover officer explained that Robinson sent photographs of his face and penis on KIK messenger, requested "naughty" photographs, and asked the female persona to meet in person for a sexual encounter. The undercover officer further explained that after he told Robinson the female

2

persona was fourteen, Robinson used an explicit term to indicate he wanted to engage in sexual intercourse with a "young teen girl[.]"

The undercover officer stated that he sent two administrative subpoenas to KIK, Inc. for subscriber information regarding the two usernames Robinson used on KIK messenger to send messages to the female persona. The undercover officer explained that the information he received through the administrative subpoena included the email account registered to the KIK account and an IP address. The undercover officer also explained he used Maxmind to identify Grande Communications as the internet carrier for the IP address, and he sent an administrative subpoena to Grande Communications, which showed the registered subscriber's address was the same address where Robinson lived. The undercover officer's report from the Texas Department of Public Safety included Robinson's photograph, which depicted the same person who was in the photographs sent through KIK messenger. The undercover officer averred that based on all the information he received, he believed Robinson violated Texas Penal Code 33.021, online solicitation of a minor.

The undercover officer requested a search warrant for GOOGLE LLC, which provides a Google Photos service where data, including photographs, may be stored. In his affidavit supporting the State's request to issue the search warrant for Google's records, the undercover officer swore, among other things that "based upon affiant's

training and experience, and the facts as set forth in this affidavit, there is probable cause to believe and affiant does believe that within the computer systems in the control of GOOGLE LLC. there exists evidence of criminal activity." The undercover officer's affidavit further avers "the logon & connection IP address to [google email accounts] will serve as valuable evidence that may assist in positively identifying the person responsible for the commission of this offense by drawing associations to [the email accounts] and devices that the suspect may have possessed." The trial court found the verified facts in the undercover officer's affidavit showed the undercover officer had probable cause and established the existence for proper grounds for issuance of a search warrant for GOOGLE LLC to provide all stored files, records, and emails belonging to or associated with the customer or subscriber utilizing the two email accounts identified in the investigation.

The trial court conducted a hearing on Robinson's Motion to Suppress Google Records. Robinson's counsel argued the State was seeking records on a fishing expedition using its undercover officer's affidavit even though it fails to include any articulable facts establishing probable cause sufficient to show the State has an adequate need or legal basis to obtain Google's records of the searches Robinson conducted on the internet. In response, the State argued it had a basis to obtain the photographs because Robinson shared provocative photographs of himself with the

4

undercover officer and requested naughty photographs from the undercover officer, which gave the undercover officer reason to believe Robinson was in possession of photographs of underage children. The State also argued that the Google account was associated with the KIK account and if searched, would contain searches consistent with information the undercover officer provided during his conversations with Robinson on KIK. The trial court denied Robinson's Motion to Suppress Google Records.

Robinson also filed a Motion to Suppress Grande Records and a Motion to Suppress KIK records that were seized from the alleged administrative subpoenas and argued the evidence was obtained in violation of the United States and Texas Constitutions, Texas Code of Criminal Procedure, and Texas Government Code. *See* U.S. CONST. amends. IV, XIV; Tex. Const. art. I, §§ 9, 19; Tex. Crim. Proc. Ann. arts. 1.06, 38.23; Tex. Gov't Code Ann. §§ 422.001-.004. The record shows Robinson's counsel argued that the legislative history of the House Bill concerning the administrative subpoena process authorized by Chapter 422 of the Texas Government Code shows the bill was intended to recover children and address the expedient need to identify people who are posting child pornography. Robinson's counsel filed a Bench Brief in Support of Defendant's Motions to Suppress KIK Records and Grande Records and explained that the expedient nature anticipated by the House Bill was not present in this case, because there was no need to speed up

the process of getting a grand jury subpoena since there was no child involved who needed rescuing. Robinson's counsel further argued that all evidence obtained by way of the illegal administrative subpoenas purported to be authorized by Chapter 422 should be suppressed as well as the Google records obtained from the search warrant affidavit, which are "fruits of the poisonous tree[.]"

The trial court denied Robinson's Motion to Suppress Grande Records and his Motion to Suppress KIK records. The trial court found that the clear language of section 422.003(b)(2), which states that a prosecuting attorney or an officer of an ICAC Task force may issue and serve an administrative subpoena that requires the production of records if there is a reasonable cause to believe that an internet or electronic service account provided through an electronic communication service or remote computing service has been used in the sexual exploitation or attempted sexual exploitation of a minor, applied in this case.

A jury found Robinson guilty of the offense of online solicitation of a minor and assessed punishment at ten years of confinement.[1] The trial court did not issue written findings of fact and conclusions of law but made an explicit oral finding that section 422.003(b)(2) applied in this case. Robinson appealed.

---

[1]Robinson was charged with two offenses of online solicitation of a minor arising from the same criminal episode in which Robinson communicated with a persona created by the undercover officer which depicted a fourteen-year-old. This appeal only concerns trial cause number 19-01-05265.

ANALYSIS

In his sole issue, Robinson argues the trial court erred by denying his Motion to Suppress Grande Records, Motion to Suppress KIK Records, and Motion to Suppress Google Records in violation of the Fourth and Fourteenth Amendments. Specifically, Robinson argues the trial court erred by allowing evidence of electronic communications and internet searches under the authority of Chapter 422 of the Government Code because the State obtained the evidence in violation of section 422.003(e)(4)(A), which gives investigators a tool to rescue children who are at risk of immediate harm; however, no child was at risk since this case involved a decoy investigator. *See* Tex. Gov't Code Ann. § 422.003(e)(4)(A). Robinson also argues the evidence obtained from the administrative subpoenas tainted the evidence obtained from the later search warrant.

We review rulings on motions to suppress under a bifurcated standard. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018); *Dugar v. State*, 629 S.W.3d 494, 497 (Tex. App.—Beaumont 2021, pet. ref'd). In a motion to suppress hearing, "the trial judge is the sole trier of fact and judge of credibility of witnesses and the weight to be given to their testimony." *Lerma*, 543 S.W.3d at 190. We afford almost total deference to the trial court's ruling on the motion when that ruling hinged on its findings of historical facts, especially when they turn on the trial court's decisions concerning credibility and demeanor. *State v. Garcia-Cantu*, 253 S.W.3d

7

236, 241 (Tex. Crim. App. 2008); *Dugar*, 629 S.W.3d at 497. Since the trial court did not issue written findings of fact to support its ruling denying the motions to suppress, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings that support its ruling as long as those findings are supported by the record. *Herrera v. State*, 241 S.W.3d 520, 527 (Tex. Crim. App. 2007) (citation omitted). The trial court provided an explicit oral finding to support its ruling, and when a trial court makes an explicit fact finding, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports that finding. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless its explicit fact finding that is supported by the record is also dispositive of the legal ruling. *Id.* We also review the trial court's application of the law to facts de novo. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). The prevailing party in the trial court is afforded the strongest legitimate view of the evidence, and all reasonable inferences that may be drawn from that evidence. *Garcia-Cantu*, 253 S.W.3d at 241. We will sustain the trial court's ruling if it is correct on any applicable theory of law. *Valtierra*, 310 S.W.3d at 447–48.

In denying Robinson's Motion to Suppress Grande Records and a Motion to Suppress KIK records, the trial court found that the clear language of section 422.003(b)(2) applied. Statutory construction is a question of law we review de

8

novo. *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008). In construing a statute, we look to its plain language, unless the language is ambiguous or leads to absurd results the Legislature could not have intended. *Id.* "The cardinal principle of statutory construction is to implement the will of the Legislature." *Baird v. State*, 398 S.W.3d 220, 228 (Tex. Crim. App. 2013) (citation omitted). Undefined terms in a statute are to be given their plain and ordinary meaning, and we refer to the rules of grammar and common usage to construe the terms. *Watson v. State*, 369 S.W.3d 865, 870 (Tex. Crim. App. 2012); *see also* Tex. Gov't Code Ann. § 311.011(a). In determining the plain meaning, we will not import the definition from another code. *Mason v. State*, No. PD-0881-20, 2022 WL 1499513, at *11 (Tex. Crim. App. May 11, 2022). If the application of the statute's plain language would lead to absurd consequences the Legislature could not have intended, we may stray from the literal language and resort to extra-textual factors such as legislative history, intent, or purpose. *Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009).

In construing a statute where the plain meaning leads to absurd results, a court may consider, among other matters, the object sought to be obtained; circumstances of enactment; legislative history; common law, including laws on the same or similar subjects; consequences of a particular construction; administrative construction of the statute; and the title, preamble, and emergency provision. Tex. Gov't Code Ann.

9

§ 311.023; *State v. Green*, 613 S.W.3d 571, 579–80 (Tex. App.—Texarkana 2020, pet. granted).

Section 422.003 concerning an Administrative Subpoena provides:

(a)    The attorney general shall assist persons authorized under this section in obtaining administrative subpoenas to investigate and prosecute offenses that involve the Internet-based sexual exploitation of a minor.

(b) A prosecuting attorney or an officer of an ICAC task group may issue and cause to be served an administrative subpoena that requires the production of records or other documentation as described by Subsection (d) if:

> (1) the subpoena relates to an investigation of an offense that involves the sexual exploitation of a minor; and

> (2) there is reasonable cause to believe that an internet or electronic service account provided through an electronic communication service or remote computing service has been used in the sexual exploitation or attempted sexual exploitation of a minor.

(c)    A subpoena under Subsection (b) must:

> (1)  describe any objects or items to be produced; and

> (2)  prescribe a reasonable return date by which those objects or items must be assembled and made available.

(d) Except as provided by Subsection (e), a subpoena listed under Subsection (b) may require the production of any records or other documentation relevant to the investigation, including:

> (1) a name;

> (2) an address;

(3) a local or long distance telephone connection record, satellite-based Internet service provider connection record, or record of session time and duration;

(4) the duration of the applicable service, including the start date for the service and the type of service used;

(5) a telephone or instrument number or other number used to identify a subscriber, including a temporarily assigned network address; and

(6) the source of payment for the service, including a credit card of bank account number.

(e) A provider of an electronic communication service or remote computing service may not disclose the following information in response to a subpoena issued under Subsection (b):

(1) an in-transit electronic communication;

(2) an account membership related to an Internet group, newsgroup, mailing list, or specific area of interest;

(3) an account password; or

(4) any account content; including

(A) any form of electronic mail;

(B) an address book, contact list, or buddy list;

(C) a financial record;

(D) Internet proxy content or Internet history; or

(E) a file or other digital document stored in the account or as part of the use of the account.

(f) A provider of an electronic communication service or remote computing service shall disclose the information described in Subsection (e) if that disclosure is required by court order.

. . .

Tex. Gov't Code Ann. § 422.003.

Section 422.003 does not define the term "minor." *See id.* "Minors" are commonly understood to be people who are not yet old enough to have the rights of an adult. *See Minor*, Merriam-Webster, (https://merriam-webster.com/dictionary/minor (last accessed December 1, 2022) (defining minor as "not having reached majority"); *Minor*, Black's Law Dictionary (6th ed. 1990) (defining minor as "[a]n infant or person who is under the age of legal competence"). The common perception of a minor does not include adults pretending to be minors. Section 33.021 of the Texas Penal Code concerning the offense of online solicitation of a minor defines "minor" as an individual who is younger than 17 years of age or an individual whom the actor believed to be younger than 17 years of age. Tex. Penal Code Ann. § 33.021(a)(1). Section 33.021 clearly allows for the prosecution of an individual who solicits someone who represents themselves to be a minor, allowing police officers to discover and convict adults who communicate with children in a sexually explicit manner. *See id.*

Section 422.003 states that the purpose of an administrative subpoena is to "investigate and prosecute offenses that involve the Internet-based sexual

12

exploitation of a minor." Tex. Gov't Code Ann. § 422.003(a). Section 422.003 does not specifically include the expanded definition of minor as provided in Texas Penal Code section 33.021. *See id.* Considering that the purposes of enacting the statute included sparing children from predictable harm, other penal laws that address internet-based sexual exploitation of minors, and the consequences that Robinson's construction would have in limiting the effectiveness of the State's ability to investigate and prosecute offenses arising from the internet-based sexual exploitation of minors or that would otherwise have been committed if not interdicted, we conclude the meaning the Legislature likely intended courts to apply in construing the term "minor" as it is used in section 422.003 is the definition used in the Penal Code rather than the more narrow dictionary definition based on the object sought to be attained by the statute. *See* Tex. Gov't Code Ann. § 311.023; *Green*, 613 S.W.3d at 579–80; *see also* Tex. Gov't Code Ann. § 422.003(a), (b); Tex. Penal Code Ann. § 33.021(a)(1).

Additionally, the plain language of section 422.003 does not support Robinson's contention that it only applies to children who are at an immediate risk of harm. *See* Tex. Gov't Code Ann. § 422.003. Instead, section 422.003 states an ICAC Task force may issue and serve an administrative subpoena that requires the production of records if there is a reasonable cause to believe that an internet or electronic service account provided through an electronic communication service or

remote computing service has been used in the sexual exploitation or *attempted* sexual exploitation of a minor. *Id.* § 422.003(b)(2) (emphasis added). The legislative history indicates the purpose of the bill that became section 422.003 was to promote the apprehension of child predators for crimes relating to child pornography, and to identify and rescue child victims, and to assist in the investigation and prosecution of offenses involving the internet-based sexual exploitation of a minor. House Research Org., Bill Analysis for House Criminal Jurisprudence Comm., C.S.H.B. 3746 (Sept. 1, 2011) (available at: www. https://capitol.texas.gov/tlodocs/82R/analysis/pdf/HB03746H.pdf#navpanes=0). This purpose is consistent with the purpose of Texas Penal Code section 33.021, which is to protect young people from harm that would be inflicted by sexual predators, regardless of whether the recipient is younger than seventeen or the actor believes the recipient is younger than seventeen. *See State v. Paquette*, 487 S.W.3d 286, 289 (Tex. App.—Beaumont, 2016, no pet.); *see also Freeman v. State*, 510 S.W.3d 466, 475 (Tex. App.—Dallas 2013), *judgment vacated on other grounds*, 425 S.W.3d 289 (Tex. Crim. App. 2014) (stating that section 33.021 permits police officers to intercept sexual predators during the "grooming" phase and before they injure the child).

Although the Legislature chose not to define the term "minor" in section 422.003, based on the plain language of section 422.003, it is clear the Legislature

intended for the expanded definition provided in Texas Penal Code section 33.021 allowing for the apprehension of a person who communicates in a sexually explicit manner with an adult pretending to be a minor for law enforcement purposes to apply. We conclude that the trial court did not err by straying from the literal language and considering extra-textual factors such as legislative history, intent, and purpose; determining that section 422.003 applied when Robinson believed the undercover officer was a minor; and finding that section 422.003 allowed the undercover officer to use administrative subpoenas to recover records from KIK and Grande Communications to investigate and prosecute an offense that involved the internet-based sexual exploitation of a minor. *See Tapps*, 294 S.W.3d at 177; *see also* Tex. Gov't Code Ann. § 422.003(a). Accordingly, the trial court did not err by denying Robinson's Motion to Suppress Grande Records and Motion to Suppress KIK records because the State did not obtain and produce electronic mail in the form of email messages in violation of section 422.003(e)(4)(A). *See* Tex. Gov't Code Ann. § 422.003(e)(4)(A).

Since we concluded that the State properly obtained the Grande and KIK records through administrative subpoenas issued on findings supported by probable cause, we further conclude that the trial court did not err in denying Robinson's motion seeking to quash the State's request to obtain records from Google. Having concluded the trial court did not err by denying Robinson's motions to suppress,

15

Robinson has failed to show that the trial court's failure to grant his motions to suppress violated his constitutional rights. We overrule Robinson's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on November 29, 2022
Opinion Delivered December 14, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.