**Opinion issued September 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00868-CR

———————————

## EX PARTE STUART OLAND WHEELER

---

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Cause No. 2014V-0074**

---

### O P I N I O N

Stuart Oland Wheeler was indicted on the felony charge of online solicitation of a minor under Texas Penal Code section 33.021(c). *See* Tex. Pen. Code Ann. § 33.021(c) (West 2014). Wheeler filed a pretrial application for a writ of habeas corpus in which he asserted that subsections 33.021(c) and (d) are facially unconstitutional. Noting that the Court of Criminal Appeals invalidated

subsection (b) of the same statute as an overbroad content-based restriction on protected speech, *see Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013), Wheeler argued that the surviving subsections (c) and (d) are likewise unconstitutional. In particular, Wheeler contends that subsections (c) and (d), in combination, (1) violate the First Amendment of the United States Constitution because they are overbroad content-based restrictions that criminalize protected speech between consenting adults, (2) are contradictory and unconstitutionally vague, and (3) violate the Dormant Commerce Clause because they unduly restrict interstate internet communication. Wheeler appeals the trial court's denial of the application. We affirm.

## Penal Code Section 33.021

Wheeler was indicted under Penal Code section 33.021(c), which states:

> (c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

TEX. PEN. CODE ANN. § 33.021(c) (West 2014). Section 33.02(a)(1) defines "minor" as:

> (A)    an individual who represents himself or herself to be younger than 17 years of age; or

> (B)    an individual whom the actor believes to be younger than 17

years of age.

*Id.* § 33.021(a)(1). And subsection (d) provides that it is not a defense to prosecution under subsection (c) that:

> (1) the meeting did not occur;
>
> (2) the actor did not intend for the meeting to occur; or
>
> (3) the actor was engaged in a fantasy at the time of commission of the offense.

*Id.* § 33.021(d).

## The Parties' Arguments

Wheeler contends that these provisions are facially unconstitutional in three respects. First, he asserts that they are overbroad because they impermissibly restrict protected speech between persons engaged in "ageplay," which Wheeler asserts is a prevalent practice in which consenting adults roleplay as children for their sexual gratification. According to Wheeler, the statute is overbroad because it permits the conviction of an ageplayer who speaks solicitant words to "the object of his sexual attention, who 'represents himself' to be a child"—and thus meets the statute's definition of "minor"—but is not in fact a child. Wheeler also contends that the statute is overbroad because subsection (d) both (1) eliminates the specific intent requirement of (c) and (2) precludes an ageplayer from defending himself on the basis that the solicitation was a mere fantasy.

3

Second, Wheeler argues that the statute is unconstitutionally vague because subsection (c) purports to require proof of specific intent—that the defendant intended to meet and have sexual contact with the minor at the time of the solicitation—only to have subsection (d) "eliminate[] the intent element" of (c). Wheeler asserts that this contradiction prevents persons of ordinary intelligence from understanding the prohibited conduct.

Finally, Wheeler asserts that the statute violates the Dormant Commerce Clause because it unduly burdens interstate commerce by "attempting to place regulations on [i]nternet users everywhere."

Based on his premise that the statute is a content-based restriction on protected speech, Wheeler asserts that we must presume the statute invalid and that the State has the burden to demonstrate its validity under the categorical approach employed by the United States Supreme Court in *Alvarez* and *Stevens*. *See United States v. Alvarez*, 132 S. Ct. 2537 (2012); *United States v. Stevens*, 559 U.S. 460 (2010). Alternatively, he argues that, at a minimum, we must subject the statute to strict scrutiny.

The State contends that Penal Code section 33.021(c) restricts conduct and not merely speech. Therefore, argues the State, we must presume that the statute is valid and subject it only to rational basis review. The State contends that the statute bears a rational relationship to the legitimate state interest in protecting

4

minors from sexual predators and thus passes constitutional muster. Alternatively, the State argues that if the combination of (c) and (d) is unconstitutional, we should uphold subsection (c), under which Wheeler was indicted, and strike the offending portions of subsection (d).

## Standard of Review

Whether a statute is facially unconstitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d at 14. When the constitutionality of a statute is attacked, we usually begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting it. *Id*. at 14–15. The party challenging the statute normally carries the burden to establish the statute's unconstitutionality. *Id*. at 15.

A different standard of review applies, however, if the challenged statute seeks to restrict speech based on its content. *Ex parte Lo*, 424 S.W.3d at 15. In that case, the usual presumption of constitutionality is reversed, the statute is presumed invalid, and the State bears the burden to rebut the presumption. *Id*. This is because statutes that suppress, disadvantage, or impose differential burdens upon speech because of its content are subject to the most exacting scrutiny. *Id*. (quoting *Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 642, 114 S. Ct. 2445 (1994)). A law that regulates speech thus survives only if it is narrowly drawn and necessary to serve a compelling state interest. *Ex parte Lo*, 424 S.W.3d at 15.

5

Wheeler argues that the Court of Criminal Appeals incorrectly applied strict scrutiny in *Ex parte* Lo, and he urges us to apply the "categorical approach." We conclude that we are bound to apply the usual standard in which we presume the statute's validity and Wheeler bears the burden to demonstrate its invalidity.

*Ex parte Lo* leads us to this conclusion. Lo was charged under section 33.021(b), which prohibited a person from communicating online in a sexually explicit manner with a minor if the person had the intent to arouse and gratify anyone's sexual desire. *Ex parte Lo*, 424 S.W.3d at 17. The Court of Criminal Appeals concluded that section 33.021(b) was unconstitutionally overbroad because it restricted and punished speech based on content but was not narrowly drawn. *Id*. at 24 (noting that subsection (b) would bar electronic communication relating to "many modern movies, television shows, and 'young adult' books, as well as outright obscenity, material harmful to a minor, and child pornography").

In reaching that conclusion, the Court of Criminal Appeals noted that subsection (c), under which Wheeler was charged, "provides an excellent contrast" to subsection (b). *Id.* at 17. The Court described subsection (c) as a solicitation statute, the likes of which have been routinely upheld, because offers to engage in illegal transactions such as sexual assault of minors are categorically excluded from First Amendment protection. *Id*. at 16–17. It expressly noted that the gravamen of the offense of solicitation is "the *conduct* of requesting a minor to

engage in illegal sexual acts." *Id*. at 17 (emphasis in original). It contrasted subsection (b) as "very different" because it "prohibits and punishes speech based on its content." *Id.* Following *Lo*, we conclude that section 33.021(c) regulates conduct and unprotected speech. *Id*. (noting solicitation of minors is constitutionally unprotected speech); *see also Ex parte Victorick*, No. 09-00551-CR, 2014 WL 2152129, at *2 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication) (concluding that section 33.021(c) punishes conduct rather than the content of speech alone), *cert. denied, Victorick v. Texas*, 135 S. Ct. 1557 (2015). We therefore must presume the statute's validity and place the burden of demonstrating unconstitutionality upon Wheeler. *Ex parte Lo*, 424 S.W.3d at 17; *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd.) (applying presumption that statute is valid in its review of overbreadth and vagueness challenges to Penal Code section 33.021(c)); *Ex parte Zavala*, 421 S.W.3d 227, 231 (Tex. App.—San Antonio 2013, pet. ref'd) (presuming validity of Penal Code section 33.021(c) in considering vagueness challenge); *Ex parte Victorick*, 2014 WL 2152129, at *2 (applying presumption of statutory validity in overbreadth and vagueness challenges to section 33.021(c)).

**Overbreadth Challenges**

According to the First Amendment overbreadth doctrine, a statute is facially

invalid if it prohibits a "substantial" amount of protected speech "judged in relation to the statute's plainly legitimate sweep." *Ex parte Lo*, 424 S.W.3d at 18 (quoting *Virginia v. Hicks*, 539 U.S. 113, 118–19, 123 S. Ct. 2191 (2003)); *see also Bynum v. State*, 767 S.W.2d 769, 772 (Tex. Crim. App. 1989). Before a statute will be invalidated on its face as overbroad, the overbreadth must be real and substantial in relation to its plainly legal sweep. *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). Put differently, a statute should not be invalidated for overbreadth merely because it is possible to imagine some unconstitutional application. *See In re Shaw*, 204 S.W.3d 9, 15 (Tex. App.—Texarkana 2006, pet. ref'd).

### 1. Penal Code Section 33.021(c)

This Court, and the Beaumont Court of Appeals, have held that Penal Code section 33.021(c) is not unconstitutionally overbroad. *See Maloney*, 294 S.W.3d at 626–29 (rejecting overbreadth challenge to subsection 33.021(c)); *Ex parte Victorick*, 2014 WL 2152129, at *2 (same). Nevertheless, Wheeler urges us to revisit this precedent in light of his argument that the statute prohibits an adult ageplayer from soliciting a consenting fellow ageplayer who is pretending to be a child as part of a fantasy. In support of his argument, Wheeler relies on an article by Paul J. Dohearty demonstrating the purported prevalence of ageplay.

But longstanding precedent teaches that a statute should not be invalidated for overbreadth merely because it is possible to imagine some unconstitutional

8

application.  *In re Shaw*, 204 S.W.3d at 15 (citing *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800, 104 S. Ct. 2118 (1984)); *Ex parte Victorick*, 2014 WL 2152129, at *2.  Indeed, the United States Supreme Court has explained,

> Because of the wide-reaching effects of striking down a statute on its face at the request of one whose own conduct may be punished despite the First Amendment, we have recognized that the overbreadth doctrine is "strong medicine" and have employed it with hesitation, and then "only as a last resort."

*New York v. Ferber*, 458 U.S. 747, 769, 102 S. Ct. 3348 (1982) (citing *Broadrick*, 413 U.S. at 613).

Here, the government objective—to protect children from sexual exploitation and abuse—is one the Supreme Court of the United States regards as having surpassing importance.  *Id*. at 757.  Although the Dohearty article asserts that ageplay is increasingly prevalent in the age of social media, we conclude that the legitimate reach of Penal Code section 33.021(c) dwarfs the threat of its arguably impermissible application to innocent ageplayers and that whatever overbreadth exists should be cured by thorough and case-by-case analysis and judicious use of prosecutorial discretion.[1]  *See Maloney*, 294 S.W.3d at 627 (citing *Ferber*, 458 U.S. at 773–74).  Because the statute's arguable overbreadth is insubstantial when judged in relation to the statute's plainly legitimate sweep, we

---

[1]     We note that Wheeler himself does not assert that he was engaging in innocent ageplay when he made the online solicitation for which he was indicted.

9

hold that Penal Code section 33.021(c) is not unconstitutionally overbroad. *Id*; *see also Ex parte Victorick*, 2014 WL 2152129, at *2.

### 2. Penal Code Section 33.021(d)(2)

Wheeler contends that Penal Code section 33.021(d)(2) is overbroad because it eliminates the element of specific intent required by subsection (c). *See* TEX. PEN. CODE ANN. § 33.021(d)(2) (providing that it is not a defense to prosecution under section 33.021(c) that the actor did not intend for the solicited meeting to occur). Thus, argues Wheeler, the statute permits conviction even of one who did not, in fact, intend at the time of the solicitation to actually meet the minor whom he solicited. We disagree.

"If a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity." *Maloney*, 294 S.W.3d at 626. Here, we read subsection (c) to require proof of specific intent to meet at the time of the solicitation, and subsection (d)(2) to refer only to the solicitor's intent post-solicitation. In other words, we interpret subsection (d)(2) to preclude only a defense on the basis that the solicitor lost the specific intent to meet or changed his mind about meeting after the solicitation occurred. We hold that Subsection (d)(2) does not relieve the State of its burden to prove that the

defendant had the specific intent to meet at the time of the solicitation.[2] *See Ex parte Zavala*, 421 S.W.3d at 231–32 (concluding that Penal Code sections 33.021(c) and (d)(2) are not contradictory and construing (d)(2) to mean that it is irrelevant whether, post-solicitation, the defendant no longer intended for the meeting to occur, because offense is complete at the time of solicitation if the defendant has the requisite intent to meet at the time of the solicitation).

### 3.    Penal Code Section 33.021(d)(3)

Wheeler argues that Penal Code section 33.021(d)(3) is unconstitutionally overbroad because it precludes a defense to prosecution under (c) based on the fact that a defendant was engaged in ageplay—i.e., was fantasizing that the consenting adult receiving the solicitation was actually a child—at the time of the solicitation.

As we discussed above, a statute should not be invalidated for overbreadth merely because it is possible to imagine some unconstitutional application. *In re Shaw*, 204 S.W.3d at 15 (citing *Taxpayers for Vincent*, 466 U.S. at 800); *Ex parte Victorick*, 2014 WL 2152129, at *2. As we have already concluded, the statute's plainly legitimate objective is one of surpassing importance. When judged in

---

[2]    Wheeler argues that this interpretation of (d)(2) would render it superfluous and therefore meaningless, because a "change of heart" defense is not a defense in any case. We note, however, that renunciation may be an affirmative defense in some circumstances, *see* TEX. PENAL CODE ANN. § 15.04 (West 2011), and that it was the legislature's prerogative to underscore in (d)(2) the concept that the offense described in section 33.021 is complete when the culpable request or inducement is unilaterally presented. We also note that the legislature has amended section 33.021 to eliminate (d)(2) and (d)(3), effective September 1, 2015.

comparison to the statute's plainly legitimate sweep, we conclude that the statute's arguable overbreadth is insubstantial. Accordingly, we hold that Penal Code section 33.021(d)(3) is not unconstitutionally overbroad. *Id.*; *see also Ex parte Victorick*, 2014 WL 2152129, at *2.

We overrule Wheeler's first issue.

## Vagueness Challenge

Under the void-for-vagueness doctrine, a statute will be invalidated if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. *See State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006). Statutes are not necessarily unconstitutionally vague merely because the words or terms employed in the statute are not defined. *See Engelking v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988). When the words used in a statute are not otherwise defined in the statute, we will give the words their plain meaning. *See Parker v. State*, 985 S.W.2d 460, 464 (Tex. Crim. App. 1999).

Wheeler argues that the statute is unconstitutionally vague because Section 33.021(d) "eliminates the intent element from Section 33.021(c)." Wheeler asserts that the statute is thus self-contradcitory and, therefore, people of common intelligence must necessarily guess at its meaning. As we discussed in the context of Wheeler's overbreadth challenges, if a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its

validity. *Maloney*, 294 S.W.3d at 625. We have construed subsection (c) to require proof of specific intent to meet at the time of the solicitation, and we hold that subsection (d)(2) refers only to the solicitor's intent post-solicitation. This construction of the statute eliminates any supposed conflict between subsection (c) and subsection (d)(2). *See Ex parte Zavala*, 421 S.W.3d at 232 (concluding that Penal Code sections 33.021(c) and (d)(2) are not contradictory and rejecting vagueness challenge based on asserted contradiction). Accordingly, we hold that Penal Code section 33.021 is not unconstitutionally vague.

We overrule Wheeler's second issue.

## Commerce Clause Challenge

In his third issue, Wheeler contends that section 33.021 violates the Dormant Commerce Clause of the United States Constitution by "unduly burden[ing] interstate commerce by attempting to place regulations on the entirety of the internet." *See* U.S. CONST. art. I, § 8.

The only authority Wheeler cites in support is *American Libraries Association v. Pataki*, 969 F. Supp. 160 (S.D.N.Y. 1997) (striking down statute criminalizing use of a computer to communicate sexually explicit materials to minors). In *Pataki*, the defendants "[did] not challenge the sections of the statute that . . . prohibit adults from luring children into sexual contact by communicating with them via the internet." *Id*. at 179. Rather, the law challenged in *Pataki* was

aimed at limiting exposure by minors to harmful content. It was that portion of the law which was ultimately found to impose a burden on interstate commerce that was disproportionate to the local benefits of regulation. Section 33.021(c), by contrast, does not punish communication of explicit materials to minors. Instead, it criminalizes online solicitation of minors with the intent to engage in sexual conduct. *Pataki* is thus inapposite.

The Supreme Court of the United States established a balancing test to determine whether a burden on interstate commerce imposed by a regulation is excessive in relation to putative local benefits. *See Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142; 90 S. Ct. 844, 847 (1970). Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. *Huron Portland Cement Co. v. City of Detroit*, 362 U.S. 440, 443, 80 S. Ct. 813, 816 (1960). If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities. *Pike*, 397 U.S. at 142.

Wheeler does not articulate, and we cannot discern, how section 33.021 differentiates between inter and intra state commerce. The statute is even-handed.

14

Courts have concluded—and we agree—that protecting children from sexual predators is a legitimate local public interest. *See, e.g.*, *Ex parte Lo*, 424 S.W.3d at 21 ("There is no question that the State has a right—indeed a solemn duty—to protect young children from the harm that would be inflicted upon them by sexual predators."). And we also conclude that the effect of the statute on interstate commerce is only incidental in relation to the local benefit of the statute. Accordingly, we reject Wheeler's challenge to section 33.021 under the Dormant Commerce Clause. *Huron Portland Cement*, 362 U.S. at 443 (evenhanded local regulation to effectuate a legitimate local public interest is valid unless unduly burdensome on interstate commerce).

We overrule Wheeler's third issue.

## Conclusion

We affirm the trial court's ruling denying Wheeler's application for habeas corpus relief.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.
Publish. TEX. R. APP. P. 47.2.