# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00755-CR

**Justin Robert Parker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 15-0431-K368, HONORABLE RICK J. KENNON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Justin Robert Parker was indicted for online solicitation of a minor. *See* Tex. Penal Code § 33.021(c). He filed a pre-trial application for writ of habeas corpus challenging the constitutionality of section 33.021(c) when read in conjunction with 33.021(d). The trial court denied Parker the relief he requested, and he now appeals. In three points of error, Parker contends that the statute is unconstitutionally overbroad in violation of the First Amendment, is unconstitutionally vague in violation of the Fourteenth Amendment, and violates the Dormant Commerce Clause. We will affirm the trial court's order.

At the time that the alleged offense in this case occurred,[1] section 33.021 stated the following, in relevant part:

---

[1] Because it is not relevant to our analysis of the constitutionality of the statute at issue, we will not recite the underlying facts that gave rise to the charge against Parker. *See* Tex. R. App. P. 47.1.

(a) In this section:

(1) "Minor" means:

(A) an individual who represents himself or herself to be younger than 17 years of age; or

(B) an individual whom the actor believes to be younger than 17 years of age.

....

(c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

(d) It is not a defense to prosecution under Subsection (c) that:

(1) the meeting did not occur;

(2) the actor did not intend for the meeting to occur; or

(3) the actor was engaged in a fantasy at the time of commission of the offense.[2]

---

[2] Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050, amended by Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws 1167, 1167–68 and Act of May 27, 2007, 80th Leg., R.S., ch. 1291, § 7, 2007 Tex. Gen. Laws 4344, 4350, amended by Act of May 5, 2015, 84th Leg., R.S., ch. 61, § 1, 2015 Tex. Gen. Laws 1036 (current version at Tex. Penal Code § 33.021). Effective September 1, 2015, the legislature changed the definition of "minor" under section 33.021(a)(1)(A) from "an individual who represents himself or herself to be younger than 17 years of age" to "an individual who is younger than 17 years of age." Act of May 5, 2015, 84th Leg., R.S., ch. 61, § 1, 2015 Tex. Gen. Laws 1036. In the same amendment, the legislature also changed section 33.021(d) to delete the prohibition on a defendant raising a defense that he did not intend for the meeting to occur or that he was engaging in fantasy at the time of commission of the offense. Act of May 5, 2015, 84th Leg., R.S., ch. 61, § 2, 2015 Tex. Gen. Laws 1036.

We review the constitutionality of a criminal statute de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When a party challenges a statute as unconstitutional, we ordinarily begin with a presumption that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily. *Id.* at 14–15; *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). The party challenging the statute has the burden to establish that the statute is unconstitutional. *Lo*, 424 S.W.3d at 15.

In his first point of error, Parker contends that section 33.021 is unconstitutionally overbroad in violation of the First Amendment. This Court already rejected that argument in *Mower v. State*, No. 03-14-00094-CR, 2016 WL 1426517, at *4 (Tex. App.—Austin Apr. 7, 2016, no pet. h.) (mem. op. on reh'g, not designated for publication). For the reasons given in *Mower*, which we will not repeat here, *see* Tex. R. App. P. 47.1, we overrule Parker's first point of error.

In his second point of error, Parker contends that section 33.021 is unconstitutionally vague in violation of the Fourteenth Amendment. As with the overbreadth challenge, this Court already rejected the vagueness challenge in *Mower*. *See* 2016 WL 1426517, at *4–5. For the reasons given in *Mower*, we overrule Parker's second point of error.

In his third point of error, Parker contends that section 33.021 is unconstitutional because it violates the Dormant Commerce Clause. "The United States Supreme Court has long held that the Commerce Clause's express grant to Congress of the power to 'regulate Commerce . . . among the several states' also contains a negative command—known as the negative or dormant Commerce Clause—that prohibits certain state taxation even when Congress has failed to legislate on the subject." *In re Nestle USA, Inc.*, 387 S.W.3d 610, 624–25 (Tex. 2012); *see also Comptroller*

3

*of Treasury of Md. v. Wynne*, 135 S. Ct. 1787, 1794 (2015) ("Under our precedents, the dormant Commerce Clause precludes States from discriminat[ing] between transactions on the basis of some interstate element.") (internal quotation marks omitted). In making his argument, Parker relies solely on *American Libraries Association v. Pataki*, 969 F. Supp. 160 (S.D.N.Y. 1997). In *Pataki*, a federal district court preliminarily enjoined, on Commerce Clause grounds, enforcement of a New York law that prohibited engaging in sexually explicit communication with a minor. *See id.* at 163, 183–84.

Several of our sister courts have rejected the argument that section 33.021 violates the Dormant Commerce Clause. *See Ex parte Ingram*, No. 04-15-00459-CR, 2016 WL 1690493, at *7 (Tex. App.—San Antonio Apr. 27, 2016, no pet. h.) (mem. op., not designated for publication); *Chapman v. State*, No. 11-15-00215-CR, 2016 WL 859366, at *4 (Tex. App.—Eastland Mar. 3, 2016, pet. filed) (mem. op., not designated for publication); *State v. Paquette*, 487 S.W.3d 286, 291 (Tex. App.—Beaumont 2016, no pet.); *Ex parte Fisher*, 481 .W.3d 414, 422 (Tex. App.—Amarillo 2015, pet. ref'd); *Ex parte Wheeler*, 478 S.W.3d 89, 97 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). As these courts have pointed out, the New York law in *Pataki* is distinguishable from section 33.021(c), because the New York law did not prohibit soliciting a minor for the purposes of engaging in sexual contact or intercourse with the minor; instead, the New York law "was aimed at limiting exposure by minors to harmful content." *Wheeler*, 478 S.W.3d at 97; *see Fisher*, 481 S.W.3d at 421–22. In addition, while nothing before us indicates that any effect section 33.021(c) would have on interstate commerce is more than incidental, protecting minors from sexual predation is of utmost local importance. *See Paquette*, 487 S.W.3d at 291; *Fisher*, 481 S.W.3d at 422; *Wheeler*, 478 S.W.3d at 97; *see also Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970) ("Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate

4

commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.").

Finally, we note that, while the Texas Court of Criminal Appeals has not directly addressed section 33.021(c)'s constitutionality, it has commented that "[s]uch solicitation statutes exist in virtually all states and have been routinely upheld as constitutional." *Lo*, 424 S.W.3d at 16. The court also stated that section 33.021(c) "provides an excellent contrast" to section 33.021(b), which the *Lo* court held unconstitutional, and cited with approval an opinion of the First Court of Appeals that upheld the constitutionality of section 33.021(c). *See id.* at 17.

For these reasons, we join our sister courts in holding that section 33.021(c) does not violate the Dormant Commerce Clause. Accordingly, we overrule Parker's third point of error.

## CONCLUSION

Having overruled each of Parker's points of error, we affirm the trial court's order denying the relief Parker requested in his pre-trial application for writ of habeas corpus.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: July 19, 2016

Do Not Publish

5