**Opinion filed September 2, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00305-CR

_____

## JACKIE DAVID ALVAREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 26171A**

## M E M O R A N D U M   O P I N I O N

Jackie David Alvarez, Appellant, pled guilty to the offense of online solicitation of a minor. *See* TEX. PENAL CODE ANN. § 33.021(c), (d), (f) (West 2016).[1] Prior to his guilty plea, Appellant had filed a pretrial application for writ of

---

[1]We note that part of Section 33.021 was amended as of September 1, 2015, but that the former version of that section remains in effect and applies in this case because the alleged offenses were committed prior to the amendment's effective date. *See* Act of May 5, 2015, 84th Leg., R.S., ch. 61, 2015 Tex. Gen. Laws 1035, 1035–36 (codified at TEX. PENAL CODE ANN. § 33.021(a)(1), (b), (d), (e)). We note also that Section 33.021(c), which sets out the offense with which Alvarez was charged, was not amended in 2015.

habeas corpus in which he sought to obtain habeas corpus relief from the trial court based upon his contentions that the statute under which he was indicted was unconstitutional. The trial court held a hearing and denied the relief requested by Appellant, and we affirmed. On October 14, 2019, Appellant entered his plea of guilty pursuant to a plea bargain with the prosecutor and approved by the trial court. Appellant was placed on deferred adjudication community supervision for a period of two years with a $1,000 fine. In his only issue on appeal, Appellant contends that Section 33.021, specifically subsections (a), (c), (d), and (f), is unconstitutional for overbreadth and vagueness under the Constitution of the United States and the Texas Constitution. *See* U.S. CONST. amends. I, XIV; TEX. CONST. art. I, § 8. We affirm.

*Background Facts*

Because this case is a continuation of the same litigation which this court previously addressed in *Alvarez I*, we forego an explanation of virtually identical background facts in this case and instead defer to the facts as set forth in our previous opinion, supplementing this opinion only with additional relevant facts as needed. *See Alvarez v. State*, No. 11-15-00201-CR, 2016 WL 859363, at *1–4 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication) (*Alvarez I*).

*Analysis*

*I. Law of the Case*

Under the "law of the case" doctrine, the ruling of an appellate court on a question of law raised on appeal will be considered the law of the case in any subsequent proceeding unless exceptional circumstances exist, such as where the court's earlier decision appears to be clearly erroneous. *Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999). Therefore, "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous

2

resolution." *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014). This rule promotes "judicial consistency and efficiency." *Id.*

The issue presented in this appeal with respect to the constitutionality of Section 33.021 is substantially the same as the issue we addressed in *Alvarez I*.[2] *See Alvarez I*, 2016 WL 859363, at *1–4. Therefore, the law of this case as determined in *Alvarez I* is that "[b]ecause . . . Section 33.021(c), even when combined with former subsections (d)(2) and (d)(3), regulates conduct, we must presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily." *Id.* at *2 (citing *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002)). Accordingly, just as we determined in *Alvarez I*, Subsections (c) and (d) of Section 33.021 "are not unconstitutionally overbroad" and "are not unconstitutionally vague." *Id.* at *3.

> The applicable version of subsections (c) and (d), even as combined, are not unconstitutionally vague and do not forbid solicitations made with no intent to result in a meeting. . . . Although former subsections (d)(2) and (d)(3) may not have been models of clarity, we are of the opinion that a person of ordinary intelligence would have known what conduct was prohibited by those provisions. Moreover, Alvarez has not met his burden to show that what remains of Section 33.021 is unconstitutional in all of its applications and could never be constitutionally applied to any defendant under any circumstance.

*Id.* at *3; *see Ex parte Wheeler*, 478 S.W.3d 89, 94 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (concluding that Section 33.021(c) "regulates conduct and unprotected speech"). We continue to adhere to our holding in *Alvarez I*.

For the same reasons, Appellant also fails to establish that the terms "minor" and "believes" under Section 33.021(a) are constitutionally vague or overbroad, as he now asserts. While Appellant lists subsection (f) as "being challenged here as

---

[2]Similar to the procedural posture of *Ex Parte Ingram*, "Appellant also claims violations of counterpart provisions in the Texas Constitution. However, he does not argue that the state constitutional provisions provide greater or different protection than their federal counterparts. Consequently, we will not separately address his state constitutional claims." 533 S.W.3d 887, 891 n.4 (Tex. Crim. App. 2017).

unconstitutional," no argument or briefing is included in either Appellant's brief or reply brief in support of his appeal based on subsection (f). Failure to brief, or to adequately brief, such an issue by Appellant effects a waiver of that issue on appeal. *See* TEX. R. APP. P. 38.1(h); *Gen. Servs. Comm'n v. Little–Tex. Insulation Co.*, 39 S.W.3d 591, 598 n.1 (Tex. 2001); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994). Rule 38.1(h) requires both citation to authority and substantive analysis in regard to an issue. *See* TEX. R. APP. P. 38.1(h). Failure to either cite authority or advance substantive analysis waives the issue on appeal. *See Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.).

Appellant's sole issue on appeal is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

September 2, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4