**Opinion issued April 16, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-22-00583-CR**

———————————

**EX PARTE SHAWN PAUL ROBINSON, Appellant**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1751891**

---

**MEMORANDUM OPINION**

Appellant, Shawn Paul Robinson, was charged with the felony offense of online solicitation of a minor.[1]  On September 30, 2021, Robinson filed a pretrial application for writ of habeas corpus, challenging the constitutionality of Texas Penal Code section 33.021(c).  On January 26, 2022, the trial court denied

---

[1]    *See* TEX. PEN. CODE ANN. § 33.021(c).

Robinson's application for writ of habeas corpus.[2]  Robinson timely filed a notice of appeal[3] from the trial court's denial of his habeas application.[4]  In his sole issue, Robinson contends that the trial court erred in denying him habeas relief.

We affirm.

## Background

Robinson is charged with the felony offense of online solicitation of a minor pursuant to Texas Penal Code section 33.021(c).  On February 24, 2020, a Harris

---

[2]  On November 15, 2022, the State filed a "Motion to Dismiss [Appeal] for Want of Jurisdiction," arguing that this Court lacked jurisdiction over the appeal because (1) the trial court "did not rule on the merits of [Robinson's habeas] application" and (2) the trial court appeared to enter multiple orders on the pretrial application for writ of habeas corpus, including a December 22, 2021 order.  The State argued that, assuming the December 22, 2021 order was the trial court's order, the Court lacked jurisdiction over the appeal because Robinson's February 18, 2022 notice of appeal was untimely.  In response to the State's motion to dismiss, Robinson filed a motion to abate the appeal, requesting that the Court abate the appeal and remand the case to the "trial court to clarify its orders."  We granted Robinson's motion and abated the appeal, directing the trial court to clarify its orders.  A supplemental reporter's record was submitted to the Clerk of this Court, which included a transcript of a hearing held by the trial court in compliance with our order abating the appeal.  During the hearing, the trial court stated that the January 26, 2022 "order and judgment was intended to be [the] final judgment, denying relief on the merits with regards to [Robinson's] writ."

[3]  While Robinson timely filed his notice of appeal from the trial court's denial of his pretrial application for writ of habeas corpus on February 18, 2022, that notice of appeal was not forwarded to the Clerk of this Court until August 10, 2022.  The deputy court clerk for the 351st District Court of Harris County submitted an affidavit to the Clerk of this Court stating that the delay in forwarding the appeal to this Court was because the "appeal was not turned [into] the Appellate Division for processing until" August 8, 2022.

[4]  *See* TEX. R. APP. P. 31.

County Grand Jury issued a true bill of indictment, alleging that Robinson, on or about August 30, 2019:

> [D]id then and there unlawfully, knowingly solicit over the internet, by text message and by an electronic message service and system . . . the [c]omplainant, an individual whom [Robinson] believed to be younger than seventeen years of age to meet [him] with the intent that the [c]omplainant would engage in sexual contact, sexual intercourse and deviate sexual intercourse with [Robinson].

On September 30, 2021, Robinson filed a "Pretrial Application for Writ of Habeas Corpus Challenging Section 33.021(c) of the Texas Penal Code as Unconstitutional Under the First Amendment to the United States Constitution." In his habeas application, Robinson argued that his confinement and restraint were unlawful because Texas Penal Code section 33.021(c) was unconstitutional under the First Amendment to the United States Constitution.

Specifically, Robinson argued that section 33.021(c) was facially overbroad and vague in violation of the right of free speech granted by the First Amendment. Robinson asserted that the statute was "a content-based restriction on speech," and as such, was "presumptively invalid under the First Amendment." Robinson further asserted that section 33.021(c) "restrict[ed] protected speech," and therefore was "unconstitutionally overbroad." Finally, Robinson asserted that section 33.021(c) was impermissibly vague and as such, violated his due process rights, in that it failed to "give people of ordinary intelligence fair notice of what [was] prohibited."

3

In response to Robinson's habeas application, the State argued that Texas Penal Code section 33.021(c) "d[id] not run afoul of the First Amendment," and that several appellate courts, including this Court, "ha[d] already ruled that [s]ection 33.021(c) does not violate the First Amendment."[5]

On December 15, 2021, Robinson filed a reply in support of his habeas application, asserting that, while several Texas appellate courts had concluded that Texas Penal Code section 33.021(c) was constitutionally permissible, "[n]o court ha[d] considered the argument presented" by him. Specifically, Robinson asserted that "[w]hile solicitation to commit a crime may be unprotected speech, there must be some likelihood, imminence, and lawless action for it to be unprotected." And here, according to Robinson, section 33.021(c) "d[id] not require lawless action . . . imminence[, or] . . . likelihood."

The trial court denied Robinson's pretrial application for writ of habeas corpus.

[5] See Ex parte Nelson, No. 01-19-00325-CR, 2019 WL 6315197, at *5 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019, pet. ref'd) (mem. op., not designated for publication) ("We have also held that section 33.021(c) regulates only conduct and unprotected speech; it does not punish speech based on its content alone."); Ex parte Moy, 523 S.W.3d 830, 836 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) ("section 33.021(c) regulate[d] conduct and only unprotected speech" and was not a content-based restriction of speech); State v. Paquette, 487 S.W.3d 286, 290 (Tex. App.—Beaumont 2016, no pet.) (concluding "section 33.021(c) [was] not unconstitutionally overbroad and vague"); Ex parte Wheeler, 478 S.W.3d 89, 94 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (concluding section 33.021(c) was neither "unconstitutionally overbroad" nor "unconstitutionally vague").

**Standard of Review**

A pretrial writ of habeas corpus is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). Generally, an appellate court reviews a trial court's decision to grant or to deny habeas corpus relief for an abuse of discretion. *See Ex parte Montano*, 451 S.W.3d 874, 877 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). However, the constitutionality of a statute is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When the constitutionality of a statute is contested, we presume the statute is valid and that the legislature did not act unreasonably or arbitrarily. *Lawson v. State*, 283 S.W.3d 438, 440 (Tex. App.—Fort Worth 2009, pet. ref'd). The burden of proof typically rests upon the party challenging the statute to establish its unconstitutionality. *See id.*; *Ex parte Lo*, 424 S.W.3d at 15. In the absence of contrary evidence, we assume that the legislature operated in a constitutionally sound manner. *See Lawson*, 283 S.W.3d at 440. Unless the contrary is shown, we strive to interpret a statute in a way that preserves and upholds its constitutionality. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015).

**Section 33.021(c)**

In his sole issue, Robinson argued that the trial court erred in denying him habeas relief because Texas Penal Code section 33.021(c), under which Robinson was charged, "is an unconstitutionally invalid content-based restriction on speech."

According to Robinson, section 33.021(c) is "void for overbreadth" and "fails strict scrutiny" because "it is not the least restrictive means of accomplishing any legitimate interest."

Here, Robinson was indicted under Texas Penal Code section 33.021(c), which states that a person commits the felony offense of online solicitation of a minor:

> . . . [I]f the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

TEX. PENAL CODE ANN. § 33.021(c). Section 33.021(c) further defines a "[m]inor" as "an individual who is younger than 17 years of age," or "an individual whom the actor believes to be younger than 17 years of age." TEX. PENAL CODE ANN. § 33.021(a)(1) (internal quotations omitted).

A.    Content or Conduct-Based Regulation

In the first portion of his sole issue, Robinson argued that Texas Penal Code section 33.021(c) is unconstitutional because it is an invalid content-based restriction on speech. The First Amendment protects, among other things, the freedom of speech. *See* U.S. CONST. amend. I ("Congress shall make no law . . . abridging the freedom of speech."). The First Amendment's right to freedom of speech applies to the states by virtue of the Fourteenth Amendment. *See W. Va. Bd. of Educ. v.*

6

*Barnette*, 319 U.S. 624, 638–39 (1943). The First Amendment generally prohibits laws that "restrict expression because of its message, its ideas, its subject matter, or its content." *See Ashcroft v. Am. Civ. Liberties Union*, 535 U.S. 564, 573 (2002). Such laws are content based and presumptively invalid. *Ex parte Thompson*, 442 S.W.3d 325, 348 (Tex. Crim. App. 2014).

Here, Robinson's habeas application, and by extension, his appeal, is dependent upon whether he has correctly categorized Texas Penal Code section 33.021(c) as a "content-based" restriction on speech. Robinson asserted in his habeas application that section 33.021(c) is an impermissible, and unconstitutional, content-based restriction on speech. Specifically, he argued that section 33.021(c) "restrict[ed] speech (text messages, electronic messages) because of [its] subject matter—sex with a minor." Further, section 33.021(c) "also restrict[ed] this speech based on its function or purpose" and was "therefore a content-based restriction." In its response to Robinson's argument however, the State noted that several Texas courts, including this Court, had addressed Robinson's claim, and concluded that section 33.021(c) was a permissible restriction on conduct, not content.

This distinction is important as the presumption of constitutionality shifts depending on whether we conclude that a statute seeks to restrict speech based on content or conduct. As noted above, "[w]hen the constitutionality of a statute is attacked, we usually begin with the presumption that the statute is valid and that the

7

legislature has not acted unreasonably or arbitrarily in enacting it." *Ex parte Wheeler*, 478 S.W.3d at 93. In that scenario, the party challenging the statute, here, Robinson, generally carries the burden to establish its unconstitutionality. *See Ex parte Lo*, 424 S.W.3d at 15.

On the other hand, if a challenged statute seeks to restrict content, "the usual presumption of constitutionality is reversed, the statute is presumed invalid, and the State bears the burden to rebut the presumption." *See Ex parte Wheeler*, 478 S.W.3d at 93. "This is because statutes that suppress, disadvantage, or impose differential burdens upon speech because of its content are subject to the most exacting scrutiny." *Id.* Such laws only survive if they are narrowly drawn and necessary to serve a compelling state interest. *Id.*; *see also Ex parte Lo*, 424 S.W.3d at 15.

As the State correctly noted, Texas courts have consistently concluded that Texas Penal Code section 33.021(c) is a permissible restriction on conduct as opposed to content. *See Ex parte Nelson*, 2019 WL 6315197, at *5 ("We have also held that section 33.021(c) regulates only conduct and unprotected speech; it does not punish speech based on its content alone."); *Ex parte Moy*, 523 S.W.3d at 836 ("We agree with our sister court that [*Ex parte*] *Lo* requires us to conclude that section 33.021(c) regulates conduct and only unprotected speech."); *Paquette*, 487 S.W.3d at 289 (section 33.021(c) "punishes conduct rather than the content of the speech alone and has a rational relationship to a legitimate and compelling state

interest" (internal quotations omitted)); *Ex parte Wheeler*, 478 S.W.3d at 94 ("[W]e conclude that section 33.021(c) regulates conduct and unprotected speech.").

This conclusion is supported by the Court of Criminal Appeals's decision in *Ex parte Lo*. In that case, Lo was charged under Texas Penal Code section 33.021(b), which prohibited a person from communicating online in a sexually explicit manner with a minor if the person had the intent to arouse and gratify anyone's sexual desire. *Ex parte Lo*, 424 S.W.3d at 17. The Court of Criminal Appeals concluded that section 33.021(b) was unconstitutionally overbroad because it restricted and punished speech based on content but was not narrowly drawn. *Id.* at 24 (noting section 33.021(b) would bar electronic communication relating to "many modern movies, television shows, and 'young adult' books, as well as outright obscenity, material harmful to a minor, and child pornography").

In reaching that conclusion, the Court of Criminal Appeals noted that section 33.021(c), under which Robinson was charged, "provide[d] an excellent contrast" to section (b). *Id.* at 17. As described by the Court, section 33.021(c) is a solicitation statute, the likes of which have been routinely upheld, because offers to engage in illegal transactions such as sexual assault of minors are categorically excluded from First Amendment protection. *Id.* at 16–17. The Court of Criminal Appeals further expressly noted that the gravamen of the offense of solicitation is "the *conduct* of requesting a minor to engage in illegal sexual acts." *Id.* at 17. It contrasted section

33.021(b) as "very different" because it "prohibit[ed] and punishe[d] speech based on its content." *Id.*

Following this guidance from the Court of Criminal Appeals, along with prior precedent from this Court, we conclude that Robinson's argument that Texas Penal Code section 33.021(c) "restricts speech . . . because of [its] subject matter—sex with a minor," is unpersuasive, and section 33.021(c) instead permissibly regulates conduct and unprotected speech, namely, the illegal conduct of solicitation of a minor for sex. *Id.* (noting solicitation of minors is constitutionally unprotected speech); *Ex parte Wheeler*, 478 S.W.3d at 94; *see also Ex parte Victorick,* No. 09-00551-CR, 2014 WL 2152129, at *2 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication) (concluding section 33.021(c) punishes conduct rather than the content of speech alone), *cert. denied*, *Victorick v. Texas,* 575 U.S. 913 (2015).

We therefore must presume Texas Penal Code section 33.021(c)'s validity and place the burden of demonstrating unconstitutionality upon Robinson. *Ex parte Lo,* 424 S.W.3d at 17; *Ex parte Victorick,* 2014 WL 2152129, at *2 (applying presumption of statutory validity in overbreadth and vagueness challenges to section 33.021(c)); *Ex parte Zavala,* 421 S.W.3d 227, 231 (Tex. App.—San Antonio 2013, pet. ref'd) (presuming validity of section 33.021(c) in considering vagueness challenge); *Maloney v. State,* 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.]

2009, pet. ref'd.) (applying presumption statute is valid in its review of overbreadth and vagueness challenges to section 33.021(c)). We overrule this portion of Robinson's sole issue.

B.     Strict Scrutiny

In the second portion of his sole issue, Robinson argued that Texas Penal Code section 33.021(c) is unconstitutional because it "fail[s] [to meet] strict scrutiny." According to Robinson, section 33.021(c) "is not the least restrictive means of accomplishing any legitimate interest."

In reviewing the constitutionality of a statute, strict scrutiny analysis only applies if the challenged statute is a content-based restriction. *See U.S. v. Playboy Enter. Grp., Inc.*, 529 U.S. 803, 813 (2000) ("[C]ontent-based speech restriction[s] . . . can only stand if [they] satisf[y] strict scrutiny. If a statute regulates speech based on its content, it must be narrowly tailored to promote a compelling Government interest."); *Ex parte Lo*, 424 S.W.3d at 15 ("The Supreme Court applies the most exacting scrutiny to regulations that suppress, disadvantage, or impose differential burdens upon speech because of its content." (internal quotations omitted)). As discussed in detail above, we, along with our sister appellate courts, have consistently concluded that section 33.021(c) is a permissible restriction on conduct, and not a content-based restriction.

We are therefore not bound to apply strict scrutiny to our analysis of the constitutionality of section 33.021(c), and instead are "bound to apply the usual standard in which we presume the statute's validity," placing on Robinson "the burden to demonstrate [the statute's] invalidity." *See Wheeler*, 478 S.W.3d at 93. Accordingly, this portion of Robinson's sole issue is overruled.

C.    Overbreadth Challenge

In the remaining portion of his sole issue, Robinson argued that Texas Penal Code section 33.021(c) is unconstitutional because it is "void for overbreadth." According to Robinson, the "speech restricted by section 33.021(c) falls into none of the Supreme Court's historically recognized categories of unprotected speech."[6]

A statute is facially invalid under the First Amendment's overbreadth doctrine if it prohibits a "substantial" amount of protected speech "judged in relation to the statute's plainly legitimate sweep." *See Ex parte Lo*, 424 S.W.3d at 18; *Ex parte Wheeler*, 478 S.W.3d at 94. "Thus, the overbreadth doctrine prohibits the

---

[6]    We note that in his application for writ of habeas corpus, Robinson also challenged Texas Penal Code section 33.021(c) as unconstitutionally vague. However, Robinson has not raised that argument on appeal. This Court may, but is not required to, review this "unassigned error," "a claim that was preserved in the trial below but not raised on appeal." *See Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006). We note that this Court has previously addressed the question of "vagueness" of section 33.021(c), concluding that the statute was not unconstitutionally vague. *See Maloney v. State*, 294 S.W.3d 613, 629 (Tex. App.— Houston [1st Dist.] 2009, pet. ref'd). Accordingly, while we would be permitted to review this "unassigned error," we decline to do so in this case.

12

government from 'banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process.'" *Wagner v. State*, 539 S.W.3d 298, 310 (Tex. Crim. App. 2018) (quoting *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 255 (2002)); *Ex parte Sauder*, 564 S.W.3d 203, 212–13 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). The party claiming overbreadth bears the burden of demonstrating from the text of the statute and from actual facts that substantial overbreadth exists. *See Virginia v. Hicks*, 539 U.S. 113, 118–19 (2003). The overbreadth doctrine is "strong medicine" to be employed sparingly and only as a last resort. *Ex parte Sauder*, 564 S.W.3d at 213; *Ex parte Moy*, 523 S.W.3d at 836. A statute will not be invalidated for overbreadth just because it is possible to imagine some unconstitutional application. *Ex parte Sauder*, 564 S.W.3d at 213; *Ex parte Wheeler*, 478 S.W.3d at 94.

In his habeas application, Robinson argued that section 33.021(c) was overbroad because the speech forbidden by the statute "f[ell] into no recognized category of historically unprotected speech." *See U.S. v. Stevens*, 559 U.S. 460, 468–69 (2010) (identifying several categories of unprotected speech, "including obscenity, defamation, fraud, incitement, and speech integral to criminal conduct"). Robinson further asserted that "some of the Supreme Court's enumerated categories" could be excluded "offhand," suggesting that the speech prohibited by section 33.021(c) was "not obscenity, defamation, fighting words, child

pornography, fraud, or true threats." Instead, Robinson asserted that the only possibilities were incitement, speech integral to criminal conduct, and offers to engage in illegal conduct.

Robinson further argued that the speech forbidden by section 33.021(c) does not fall into any of the categories he had suggested. Despite that assertion, Robinson acknowledged that the Texas Court of Criminal Appeals had "held that section 33.021(c) restrict[ed] speech integral to criminal conduct." *See Ex parte Ingram*, 533 S.W.3d 887, 898 (Tex. Crim. App. 2017). He suggested however, that the holding in *Ex parte Ingram* "was wrong." Accordingly, Robinson asserted, that the overbreadth of section 33.021(c) was "real and substantial, and render[ed] the statute overbroad as written."

Despite Robinson's argument that the Texas Court of Criminal Appeals "was wrong" in concluding that section 33.021(c) was not unconstitutionally overbroad, we and our sister appellate courts have consistently held that Texas Penal Code section 33.021(c) is not unconstitutionally overbroad. *See Ex parte Wheeler*, 478 S.W.3d at 94–95; *Maloney*, 294 S.W.3d at 625–28; *see also Mahmoud v. State*, No. 09-17-00483-CR, 2019 WL 1461067, at *1–4 (Tex. App.—Beaumont Apr. 3, 2019, pet. ref'd) (mem. op., not designated for publication); *Sturdivant v. State*, No. 11-16-00172-CR, 2018 WL 3061402, at *1–2 (Tex. App.—Eastland June 21, 2018, pet. ref'd) (mem. op., not designated for publication); *Swenson v. State*, No.

14

09-16-00142-CR, 2017 WL 6062128, at *1 (Tex. App.—Beaumont Dec. 6, 2017, no pet.) (mem. op., not designated for publication); *Delacruz v. State*, No. 07-15-00230-CR, 2017 WL 2822513, at *3–4 (Tex. App.—Amarillo June 29, 2017, no pet.) (mem. op., not designated for publication); *Ex parte Rodriguez-Gutierrez*, No. 04-16-00805-CR, 2017 WL 2791317, at *3 (Tex. App.—San Antonio June 28, 2017, no pet.) (mem. op., not designated for publication); *Ex parte Moy*, 523 S.W.3d at 836–38; *Ganung v. State*, 502 S.W.3d 825, 826–28 (Tex. App.—Beaumont 2016, no pet.); *Parker v. State*, No. 03-15-00755-CR, 2016 WL 3974612, at *1–2 (Tex. App.—Austin July 19, 2016, pet. ref'd) (mem. op., not designated for publication); *Ex parte Ingram*, No. 04-15-00459-CR, 2016 WL 1690493, at *4–5 (Tex. App.—San Antonio Apr. 27, 2016) (mem. op., not designated for publication), *aff'd*, 533 S.W.3d 887 (Tex. Crim. App. 2017); *Salgado v. State*, 492 S.W.3d 394, 395–97 (Tex. App.—Beaumont 2016, no pet.); *Leax v. State*, Nos. 09-14-00452-CR, 09-14-00453-CR, 2016 WL 1468042, at *1–2 (Tex. App.—Beaumont Apr. 13, 2016) (mem. op., not designated for publication), *aff'd*, 541 S.W.3d 126 (Tex. Crim. App. 2017); *Elzarka v. State*, No. 09-15-00078-CR, 2016 WL 1468173, at *1–3 (Tex. App.—Beaumont Apr. 13, 2016, no pet.) (mem. op., not designated for publication); *Mower v. State*, No. 03-14-00094-CR, 2016 WL 1426517, at *2–4 (Tex. App.—Austin Apr. 7, 2016, no pet.) (mem. op., not designated for publication); *Ex parte Goetz*, No. 09-15-00409-CR, 2016 WL 1267867, at *1–2

(Tex. App.—Beaumont Mar. 30, 2016, pet. dism'd) (mem. op., not designated for publication); *Ex parte Mahmoud*, No. 09-15-00424-CR, 2016 WL 1267882, at *1–2 (Tex. App.—Beaumont Mar. 30, 2016, pet. ref'd) (mem. op., not designated for publication); *Alvarez v. State*, No. 11-15-00201-CR, 2016 WL 859363, at *3 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication); *Chapman v. State*, No. 11-15-00215-CR, 2016 WL 859366, at *1, *3 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication); *Radford v. State*, No. 11-15-00108-CR, 2016 WL 859478, at *3 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication); *Paquette*, 487 S.W.3d at 288–91; *Ex parte Fisher*, 481 S.W.3d 401, 416, 419–20 (Tex. App.—Texarkana Dec. 10, 2015, pet. ref'd); *Ex parte Victorick*, 2014 WL 2152129, at *1–6.

Relying on our previous analysis and that of our sister appellate courts, as well as the prior precedent of the Texas Court of Criminal Appeals, we conclude that Texas Penal Code section 33.021(c) is not unconstitutionally overbroad. We overrule the remaining portion of appellant's sole issue.

**Conclusion**

Based on the foregoing, we hold that the trial court did not err in denying Robinson habeas relief. We affirm the order of the trial court.

                                              Amparo Monique Guerra
                                              Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).